ELZIE HEFLIN *v.* PEPSI COLA BOTTLING CO. ET AL

5-4414                                    424 S. W. 2d 365

Opinion delivered February 26, 1968

*Silas H. Brewer Jr.*, for appellant.

*Barrett, Wheatley, Smith & Deacon*, for appellees.

JOHN A. FOGLEMAN, Justice. The issue here is whether appellant's claim for additional compensation is barred by the terms of Ark. Stat. Ann. § 81-1318(b) (Repl. 1960). The subsection reads:

"Additional compensation. In cases where compensation for disability has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the Commission within one [1] year from the date of the last payment of compensation, or two [2] years from the date of accident, whichever is greater."

Appellant suffered a compensable injury on May 7, 1960. He was examined and treated by Dr. Richard M. Logue over a period extending from June 15, 1960, until his discharge on January 15, 1963. On January 21, 1963, the doctor made a report in letter form to United States Fidelity & Guaranty Company, the insurance carrier. The concluding paragraph includes a statement that a bill for services is enclosed. The final payment to appellant for temporary total and permanent partial disability was made on May 6, 1964, and the Workmen's Compensation Commission showed the matter closed on September 17, 1964. On November 1, 1965, Dr. Logue sent claimant a statement for $715.00 for medical services rendered during the period from January 2, 1962, to January 15, 1963. The statement was not sent to the Commission, but was paid by the carrier on November 19, 1965, without any order of the Commission ever having been made. Subsequently, Dr. Logue rendered a statement for $10.00 for an examination of appellant on January 18, 1965. Appellees did not know of this examination and did not pay the bill therefor. Appellant filed a claim for additional compensation on April 26, 1966. The referee, Commission and circuit court all held that the claim was barred by § 81-1318(b).

Appellant contends that the payment of the bill for medical services on November 19, 1965, was the "last payment of compensation" in the sense of the statutory provision, so that his claim was well within the statutory period. We do not agree.

The employer (or his insurance carrier) is required to furnish medical service to an injured employee. Ark. Stat. Ann. § 81-1311. Compensation under the act includes such medical services. Section 81-1302(i) ; *Ragon* v. *Great American Indemnity Co.,* 224 Ark. 387, 273 S. W. 2d 524. Appellant says that the holding of this court in *Reynolds Metals Co.* v. *Brumley,* 226 Ark. 388, 290 S. W. 2d 211, supports his contention. We do not so construe this decision. The opinion in that case points out that the holding in the *Ragon* case followed the general rule that the *furnishing* of medical services constitutes payment of compensation within the meaning of § 81-1318(b) and that such "payment" suspends the running of the time for filing a claim for compensation. The decision is not in any respect based on the time at which the medical bills were paid. This holding is sound because the claimant is "compensated" by the furnishing of the services and not by the payment of the charges therefor.

Later, in *Phillips* v. *Bray,* 234 Ark. 190, 351 S. W. 2d 147, this court held that a position identical to that of appellant here was erroneous. The claimant there sought to avoid the bar of the statute by showing that a doctor's bill had not been paid by the employer. The Workmen's Compensation Commission and the Grant Circuit Court found that the bill had not been, but should be, paid. In holding against the claimant's contention, this court said:

"* * * Although appellant has not specifically pointed out just how and why this would toll the statute, we assume it is because medical bills are a part of compensation and therefore the one year

limitation would not begin to run until the last bill is paid. If this contention is sound, then appellant still has time in which to file his new claim. For reasons set out below, we have concluded that the above contention is not tenable."

The court then interpreted § 81-1311 to require a doctor to present his charges to the Workmen's Compensation Commission for approval before the claim is finally processed. The opinion states that the burden was on the claimant to show that the unpaid medical bill had been duly filed with the Commission, since "otherwise his claim was obviously barred by the one year statute of limitations." No effort was made here to show that Dr. Logue's bill had ever been presented to the Commission. We cannot see how the payment of this just bill for medical services furnished more than one year prior to the filing of appellant's claim for additional compensation changes the situation prevailing in the *Phillips* case. That it does not do so is plainly indicated by the court's affirmance of the trial court and the Commission there. The court clearly stated that there was no inconsistency in its opinion and the findings of the Commission and the circuit court that the employer was indebted to the doctor for the amount of his unpaid bill. The opinion stated that the Commission had the authority to order payment of a just bill whether filed in accordance with the statute or not, but nevertheless held that claimant was barred.

Appellants cite cases from other jurisdictions claiming support for their position. While we find it unnecessary to resort to these holdings, in view of our own decisions, it is noted that most of them also recognize that it is the furnishing of the medical service, not the payment therefor, which constitutes the "payment of compensation."

The judgment is affirmed.