Wally CHESHIRE *v.* FOAM MOLDING CO.

CA 91-148                                    822 S.W.2d 412

Court of Appeals of Arkansas
Division II
Opinion delivered February 5, 1992

*Laura J. McKinnon*, for appellant.

*Michael E. Ryburn*, for appellee.

JUDITH ROGERS, Judge. In this workers' compensation case, the Commission affirmed and adopted the administrative law judge's decision that appellant's claim for additional benefits was barred by the statute of limitations. The only issue in this appeal is whether that determination is correct. We hold that it is, and affirm.

As a result of a pre-hearing conference, the parties agreed to submit the statute of limitations issue to the administrative law judge for decision on the basis of stipulated facts and briefs. It was stipulated that on February 18, 1988, appellant had sustained a work-related injury to his head and face. Appellee had accepted compensability and benefits were paid accordingly. On February 17, 1989, appellant was examined by an ophthalmologist. The ophthalmologist's bill was paid by appellee's insurance carrier on March 31, 1989. The appellant filed a claim by mail for additional benefits of March 21, 1990, in which he sought an award of compensation for disfigurement pursuant to Ark. Code Ann. § 11-9-524 (1987). This claim was acknowledged as received by the Commission on March 26, 1990.

The time limitation for filing claims for additional benefits is found at Ark. Code Ann. § 11-9-702(4)(b) (1987), which provides:

> In cases where compensation for disability has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the commission within one (1) year from the date of the last payment of compensation, or two (2) years from the date of injury, whichever is greater.

It is undisputed that appellant's claim filed in March of 1990 was beyond the two year limitations period. It was the appellant's contention before the administrative law judge, as it is on appeal, that the statute of limitations was suspended for a year from the date that payment was made of the opthalmologist's services,

March 31, 1989. The administrative law judge determined, however, in reliance on the supreme court's decision in *Heflin* v. *Pepsi Cola Bottling Co.*, 244 Ark. 195, 424 S.W.2d 365 (1968), that the one-year limitations period began to run on February 17, 1989, the date that the opthalmologist's services were rendered, thus barring appellant's claim for additional benefits.

■ Appellant acknowledges that the administrative law judge's decision, as affirmed and adopted by the Commission, is consistent with the holding in *Heflin* v. *Pepsi Cola Bottling Co., supra.* In that case, the court held that the furnishing of medical services constitutes payment of compensation within the meaning of Ark. Code Ann. § 11-9-702(4)(b) (1987) [formerly Ark. Stat. Ann. § 81-1318(b) (Repl. 1960)], based upon reasoning that the claimant is "compensated" by the furnishing of medical services and not by the payment of the charges therefor. Nevertheless, appellant argues that, based on elementary principles of statutory construction, we should construe the statute according to its literal and plain meaning and hold that the date on which medical services are actually paid constitutes the "payment of compensation" for the purposes of tolling the statute of limitations. In essence, appellant contends that the decision in *Heflin* is wrong, and that we should depart from its holding.

■ This case is clearly controlled by *Heflin* v. *Pepsi Cola Bottling Co., supra*, and we are not at liberty to overturn a decision of the supreme court. *Myles* v. *Paragould School District*, 28 Ark. App. 81, 770 S.W.2d 675 (1983). In this case, the one-year limitations period started to run on February 17, 1989, when appellant was examined by the ophthalmologist; therefore, appellant's claim for additional benefits filed in March of 1990 was untimely. We affirm.

Affirmed.

JENNINGS and MAYFIELD, JJ., agree.