CONWAY PRINTING COMPANY, INC. *v.*
Willie HIGDON

CA 93-489                                          873 S.W.2d 172

Court of Appeals of Arkansas
Division I
Opinion delivered April 6, 1994
[Supplemental Opinion on Denial of Rehearing
June 29, 1994.*]

*Pittman, Robbins, and Rogers, JJ., would grant rehearing.

*Huckabay, Munson, Rowlett & Tilley, P.A.*, by: *Jim Tilley*, for appellant.

*Disability Associates*, by: *David M. Hendrix*, for appellee.

MELVIN MAYFIELD, Judge. The issue in this appeal from a decision of the Workers' Compensation Commission involves the statute of limitations. It was submitted on the following stipulations:

1. The Claimant sustained a compensable injury during the course and scope of his employment on or about October 26, 1987 and his wages were such as to entitle him to a compensation rate in the amount of $189.

2. The Claimant was treated for his back injury by Dr. Edward H. Saer and Dr. Saer assessed a permanent partial impairment rating of 10 percent to the body as a whole on February 7, 1990.

3. Check number 331035-1 from USF&G was sent to Willie Higdon on March 1, 1990 in the amount of $6,930 which paid the 45 weeks of permanent partial disability benefits in a lump sum.

4. The Claimant was seen by Dr. Saer on September 11, 1990, and this bill was paid by the Respondent/Carrier.

5. The Claimant returned to Dr. Saer for treatment on September 11, 1991, and this bill was controverted by the Respondents since the Claimant had not received any medical care or treatment between September 11, 1990, and September 11, 1991. The Respondents deny the charges for the September 11, 1991, office visit based on Ark. Code Ann. § 11-9-702(4)(b) and *Cheshire* v. *Foam Molding Co.*, 37 Ark. App. 78 (1992).

A claim for additional benefits was filed with the Commission on January 14, 1992.

The administrative law judge held that the statute of limitations began running either on September 11, 1990, the date of the last visit of appellee to Dr. Saer, or on December 18, 1990,

which would represent the last date of installment payment if the permanent partial disability benefits had been paid in installments rather than in lump sum. Either way, according to the law judge, the January 1992 filing of the claim was untimely.

The Commission unanimously reversed, stating:

> Claimant sustained a compensable injury on October 26, 1987. On February 7, 1990, claimant's treating physician assessed claimant's permanent anatomical impairment at 10% to the body as a whole. These permanent disability benefits were paid in a lump sum. However, had the payments been made in installments only as they accrue, the last payment of benefits would have been on December 18, 1990. Thus, pursuant to *Southern Cotton Oil Co. v. Friar*, 247 Ark. 98, 444 S.W.2d 556 (1969), the statute of limitations commenced to run on December 18, 1990. Claimant returned to see Dr. Saer, his treating physician, on September 11, 1991. Respondent controverted this visit by alleging that the statute of limitations had run. Claimant filed his claim for additional benefits on January 14, 1992.
>
> It is important to remember that respondent did not controvert the September 1991 visit as being unreasonable and unnecessary but solely on the basis of the statute of limitations. If respondent believed this visit to Dr. Saer was unreasonable and/or unnecessary, it could have, and should have, so alleged before the Administrative Law Judge. Thus, we will not remand this case to the Administrative Law Judge for a determination of an issue not raised by respondent, particularly when to do so would be based solely on unsubstantiated, entirely speculative argument. Additionally, respondent does not allege lack of knowledge of this visit. Therefore, the September 1991 visit tolled the statute of limitations until September 1992. The claim for additional benefits filed in January 1992 is easily within the one year statute of limitations.
>
> For the foregoing reasons, we reverse the opinion of the Administrative Law Judge finding that this claim for additional benefits is barred by the statute of limitations.

Arkansas Code Annotated Section 11-9-702(b) (1987), provides in pertinent part:

> TIME FOR FILING ADDITIONAL COMPENSATION. In cases where compensation for disability has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the commission within one (1) year from the date of the last payment of compensation, or two (2) years from the date of the injury, whichever is greater.

■ Appellant argues on appeal that the Commission erred in ruling that the claim for additional benefits was timely filed. Appellant contends that the "operative factor" in tolling the statute of limitations is the filing date of the claim and the burden is on the claimant to timely file for additional benefits. It cites *St. John* v. *Arkansas Lime Co.*, 8 Ark. App. 278, 651 S.W.2d 104 (1983). While that case does say that the burden is on the claimant to file a timely claim for additional benefits it says nothing about the "operative factor" being the filing date.

Because the claim for additional compensation was filed on January 14, 1992, and the injury occurred on October 26, 1987, obviously more than two years prior to the filing, the question is whether the claim was filed within one year from the date of the last payment of compensation. The last payment of compensation has been equated with the date of the furnishing of medical services. *Heflin* v. *Pepsi Cola Bottling Co.*, 244 Ark. 195, 424 S.W.2d 365 (1968); *Phillips* v. *Bray*, 234 Ark. 190, 351 S.W.2d 147 (1961); *Cheshire* v. *Foam Molding Co.*, 37 Ark. App. 78, 822 S.W.2d 412 (1992).

■ Appellant concedes that *Southern Cotton Oil Co.* v. *Friar*, 247 Ark. 98, 444 S.W.2d 556 (1969), cited by the Commission, holds that the statute of limitations commences to run only from the date the last payment would have been due if the lump sum payment for permanent partial disability had been paid in installments. Even so, appellant argues, the claim for additional benefits would have been untimely because it was not filed until January 14, 1992, more than one year past the December 1990 date of last payment. And appellant contends the Commission erred in holding that the "Claimant's medical treatment

rendered in September of 1991, which Respondent controverted, renewed the one-year period of limitation." It contends this conflicts with the case law holding that to toll the statute of limitations the employer must have knowingly and voluntarily furnished the medical services. *Superior Federal Savings and Loan Assoc.* v. *Shelby*, 265 Ark. 599, 580 S.W.2d 201 (1979); *McFall* v. *U.S. Tobacco Co.*, 246 Ark. 43, 436 S.W.2d 838 (1969).

The Commission held, however, that appellant's failure to controvert at the hearing before the administrative law judge the September 1991 visit as unreasonable and unnecessary prevented, under the circumstances here, the issue to be considered in the appeal to the Commission. Therefore, the visit to the doctor tolled the statute of limitations, and the claim for additional benefits filed on January 14, 1992, was timely filed. We find the Commission's reasoning persuasive.

Affirmed.

JENNINGS, C.J., and COOPER, J., agree.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING
JUNE 29, 1994

878 S.W.2d 4

188-B

*James Tilley*, for appellant.

*David Hendrix*, for appellee.

■ MELVIN MAYFIELD, Judge. The appellant has filed a petition for rehearing of our opinion handed down on April 6, 1994. (*Conway Printing Co., Inc.* v. *Higdon*, 45 Ark. App. 185, 873 S.W.2d 172 (1994)). The appellee has filed a response asserting that the petition presents no new issues to the court. The court en banc agrees and denies the petition for rehearing; however, the division that issued the original opinion issues this supplemental opinion for clarification.

First, in our original opinion we stated that the administrative law judge held that the statute of limitations began running "either on September 11, 1990, the date of the last visit of appellee to Dr. Saer, or on December 18, 1990, which would represent the last date of installment payment." We note that what the law judge actually said was that the statute began running "from the September 11, 1990, office visit to Dr. Saer or from the last date an installment of indemnity benefits would have been made on

December 18, 1990." And the law judge held that "under either theory of recovery, the January 1992, filing of a claim for additional benefits, is untimely." The Commission, however, did not agree with the law judge and we agreed with the Commission.

■ Second, our misstatement, however, has no effect on the outcome of this case. On March 1, 1990, appellant's carrier sent a check to the appellee in the amount of $6,930.00 which paid 45 weeks of permanent partial disability benefits in a lump sum. If this lump sum had been paid in installments, the last payment would have been December 18, 1990. Thus, the statute of limitations commenced to run on December 18, 1990. *Cotton Oil Co.* v. *Friar*, 247 Ark. 98, 444 S.W.2d 556 (1969).

■■ Within one year thereafter, specifically on September 11, 1991, appellee returned to see Dr. Saer. The claim giving rise to this appeal was filed on January 14, 1992, well within one year of September 11, 1991, and the September 1990 visit to Dr. Saer is not important on the issue here. But the appellant argues that September 11, 1991, is not the operative date because appellant controverted "the medical expenses related to this visit." However, we do not believe the appellant can start the running of the statute of limitations by refusing to pay what it owes. And, as the Commission found in its opinion, appellant did not controvert the claim on the basis that the September 1991 visit was unreasonable and unnecessary, but solely on the basis of the statute of limitations. Nor has appellant argued on appeal that appellee's treatment was not reasonable and necessary, and under our statute, an employer shall promptly provide such medical service as may be reasonably necessary for the treatment of the injury received by the employee. Ark. Code Ann. § 11-9-508(a) (1987).

■ In its petition for rehearing the appellant has argued that our decision will allow a claimant to extend the statute of limitations to infinity simply by visiting his physician and filing his claim within a year of each visit. We note, however, that such visits could extend the statute of limitations only if the visits were reasonable and necessary for the treatment of the claimant's injury.

■ Appellant also argues that the September 1991 visit

cannot be considered "payment of compensation" because the appellant did not knowingly furnish the medical services rendered on September 11, 1991. However, the Commission found that appellant did not allege lack of knowledge of the visit. Because there is no evidence in the record for us to review on this issue we cannot say the Commission was wrong in its finding.

Thus, the Commission's decision is affirmed.

JENNINGS, C.J., and COOPER, J., agree, PITTMAN, ROBBINS, and ROGERS, JJ., would grant rehearing.