## Tony PLANTE v. TYSON FOODS, INC.

94-596                                          890 S.W.2d 253

Supreme Court of Arkansas
Opinion delivered December 19, 1994

*Tolley & Brooks, P.A.*, by: *Jay N. Tolley*, for petitioner.

*Bassett Law Firm*, by: *Curtis L. Nebben*, for respondent.

DONALD L. CORBIN, Justice. Petitioner, Tony Plante, appeals from a decision of the Arkansas Workers' Compensation Commission holding his claim for additional compensation barred by the statute of limitations, Ark. Code Ann. § 11-9-702(b) (Supp. 1993). The Arkansas Court of Appeals affirmed the commission's decision by a 3-1-2 vote. *Plante* v. *Tyson Foods, Inc.*, 46 Ark. App. 22, 876 S.W.2d 273 (1994). We granted this petition for review of the decision of the court of appeals pursuant to Ark. Sup. Ct. R. 1-2(f). We hold the claim for additional compensation was timely filed and therefore reverse and remand.

We review a decision of the Arkansas Court of Appeals under Ark. Sup. Ct. R. 1-2(f), as though the case had been originally filed in this court. *Maloy* v. *Stuttgart Memorial Hosp.*, 316 Ark. 447, 872 S.W.2d 401 (1994). On appeal of a workers' compensation case from the court of appeals to this court, we view the evidence in the light most favorable to the commission's

decision and affirm that decision if it is supported by substantial evidence. *Deffenbaugh Indus.* v. *Angus*, 313 Ark. 100, 852 S.W.2d 804 (1993). Substantial evidence exists if reasonable minds could have reached the same conclusion. *Id.* Thus, before we reverse the commission's decision, we must be convinced that fair-minded persons considering the same facts could not have reached the conclusion made by the commission. *Id.* Thus, the issue presented in this case is whether there is substantial evidence to support the commission's decision that petitioner's claim for additional compensation was barred by the statute of limitations. *Hall's Cleaners* v. *Wortham*, 311 Ark. 103, 842 S.W.2d 7 (1992). In addition to reviewing the record for substantial evidence, however, we also examine the record for matters that would toll the limitations statute, or estop respondent, Tyson Foods, Incorporated, from pleading it. *McFall* v. *United States Tobacco Co.*, 246 Ark. 43, 436 S.W.2d 838 (1969).

The record reveals that petitioner suffered a compensable injury to his right knee on September 12, 1988. He first saw a doctor on September 14, 1988, and was referred to an orthopedic specialist, Dr. James A. Arnold, who performed arthroscopic surgery on the petitioner's right knee on November 11, 1988. The surgery consisted of an excision of loose body, medial and lateral menisectomy, and modified McIntosh repair. Petitioner returned to Dr. Arnold for numerous post-operative follow-up visits and, after undergoing physical therapy as recommended by Dr. Arnold, was finally released to return to work on April 10, 1989, with no restrictions. Dr. Arnold instructed petitioner to return every six months for the next five years for evaluation and laxity testing of the repaired ligament on the right knee.

Petitioner returned to Dr. Arnold's office on September 26, 1989, and July 26, 1990. Dr. Arnold's office files describe these two visits as "post-operative McIntosh research visits" and reflect that petitioner was experiencing pain in his right knee. Petitioner did not see Dr. Arnold on these two visits, nor was the respondent, petitioner's employer at the time of the injury, billed for them. Petitioner returned to Dr. Arnold's office for another post-operative McIntosh research visit on July 22, 1991, and then returned to see Dr. Arnold on July 25, 1991. Dr. Arnold determined the McIntosh repair had failed, as it is expected to do in 20% of cases, and recommended a synthetic ligament replacement.

Dr. Arnold submitted a bill to the respondent for the July 25, 1991 visit, and petitioner filed his claim for additional compensation on September 11, 1991.

Below, the respondent contended the statute of limitations had run on the claim for additional compensation. Petitioner responded that the statute was tolled because medical services were furnished on September 26, 1989, and July 26, 1990. We agree with petitioner that these visits tolled the statute.

The applicable limitations statute is section 11-9-702(b), which states in part:

> (b) TIME FOR FILING ADDITIONAL COMPEN-SATION. In cases where any compensation, including disability or medical, has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the commission within one (1) year from the date of the last payment of compensation, or two (2) years from the date of the injury, whichever is greater.

The administrative law judge ruled that medical services were last paid by the respondent on April 26, 1989, that indemnity for the 10% disability rating to the claimant's right leg was last paid on August 9, 1989, and that the claimant, by waiting until September 11, 1991, to file his claim for additional compensation, therefore failed to meet his burden of filing the claim within the limitations period. The commission affirmed the decision of the administrative law judge by a 2 to 1 vote, ruling that the one-year limitations period expired on August 9, 1990, and that the two-year limitations period expired on September 12, 1990.

It is well-settled that the furnishing of medical services constitutes "payment of compensation" within the meaning of the limitations statute and that such payment of compensation or furnishing of medical services tolls the running of the time for filing a claim for additional compensation. *Heflin* v. *Pepsi-Cola Bottling Co.*, 244 Ark. 195, 424 S.W.2d 365 (1968). The one-year limitations period begins to run from the last payment of compensation, which this court has held means from the date of the last furnishing of medical services. *Superior Federal Savings & Loan Ass'n* v. *Shelby*, 265 Ark. 599, 580 S.W.2d 201 (1979).

■ This court has also stated that employers and carriers must either have actual knowledge or constructive knowledge that medical services are being provided before they are deemed to have furnished medical services. *McFall*, 246 Ark. 43, 436 S.W.2d 838. In the present case, there was testimony that the respondent was not aware of the visits on September 26, 1989 and July 26, 1990, either by way of a bill from Dr. Arnold or otherwise. Consequently, the administrative law judge, the commission, and the court of appeals all relied on *McFall* in rendering their decisions that the statute had run. Such reliance was misplaced as *McFall* is clearly not applicable to this case due to distinguishing facts.

In *McFall*, the claimant sought and received care for a knee injury from an authorized physician who did not perform surgery; the claimant then made an unauthorized change of physician to a surgeon who did perform surgery on the claimant's knee. Thus, in *McFall*, the claim for additional compensation included the surgical expenses as well as temporary and permanent partial disability. On those facts, this court held the respondent employer did not have either actual or constructive knowledge that medical services were being provided to the claimant. As noted by Judge Cooper in his dissent from the decision on review:

> The fact that the treatment in *McFall* was rendered following an unauthorized change of physician is the crux of the opinion, which must be considered in order to comprehend the Court's statement that they were "unable to see how an employer could *furnish* medical treatment without knowing, and without reason to know, that he is doing so."

*Plante*, 46 Ark. App. at 26, 876 S.W.2d at 275 (Cooper, J., dissenting). In the present case, however, the claims for both disability and surgery by an authorized physician had already been paid when the claim for additional compensation was filed for follow-up treatment from the same authorized physician who performed the surgery. The facts of these two cases are remarkably distinct, therefore *McFall* does not apply to the present case.

The respondent cannot succeed on the limitations defense, therefore, simply because the authorized physician never submitted a separate bill for the 1989 and 1990 follow-up visits,

which were presumably included in the payment for surgery, because it is the furnishing of the services that tolls the statute, not the payment therefor. *Heflin*, 244 Ark. 195, 424 S.W.2d 365. Further, regardless of whether the respondent had actual knowledge of the 1989 and 1990 visits, the respondent should have known they would occur, especially given the 20% failure rate of this petitioner's particular surgery.

■ "[T]he primary purpose of the one year statute of limitations is to give the claimant that much extra time to decide whether he has been fully compensated for his injury[.]" *Shelby*, 265 Ark. at 601, 580 S.W.2d at 203. Consistent with this purpose is the rule that the period is tolled so long as the claimant is being furnished medical services or is being "compensated." *Heflin*, citing *Ragon* v. *Great American Indemnity Co.*, 224 Ark. 387, 273 S.W.2d 524 (1954) and *Reynolds Metal Co.*, 226 Ark. 388, 290 S.W.2d 211 (1956). We can think of no better way for petitioner to decide whether he has been fully compensated than to return to his authorized physician or staff for follow-up treatments after surgery. Moreover, we can think of no better illustration of medical services with respect to the provision of which an employer or carrier should have knowledge than follow-up treatment from an authorized surgery. We grant the better practice in this case would have been for respondent to have been actually notified of these follow-up visits, although the better practice is not what is required by the statute.

■ In sum, respondent's failure to receive actual notice of the follow-up treatment is not determinative of the limitations issue here where "payment of compensation" was made by respondent by virtue of the medical services which were actually furnished within the limitations period and for which respondent had reason to know would be furnished. We are mindful that it is the claimant's burden to act within the statutory time allowed. *Shelby*, 265 Ark. at 601, 580 S.W.2d at 203. Petitioner, as the claimant in this case, met that burden. Therefore, his claim for additional compensation was not barred by limitations. This case is reversed and remanded to the commission for award of benefits.

Reversed and remanded.

HAYS, J., would affirm.