Geraldo RAMIREZ *v.* HUDSON FOODS, INC.

CA 95-242                                        918 S.W.2d 207

Court of Appeals of Arkansas
Division I
Opinion delivered March 27, 1996

*Wilson, Walker & Short,* by: *Joe C. Short,* for appellant.

*Duncan & Rainwater,* by: *Robert A. Russell, Jr.,* for appellee.

JOHN MAUZY PITTMAN, Judge. The appellant, Geraldo Ramirez, appeals from a decision of the Arkansas Workers' Compensation Commission which denied his claim for benefits after he sustained an injury as a result of an encounter with a co-employee.

The Commission held that appellant's right-eye injury was noncompensable. Arkansas Code Annotated § 11-9-401(a)(2) (1987) states that an injury is noncompensable if "substantially occasioned . . . by willful intention of the injured employee to bring about the injury or death of himself or another." Appellant argues that the Commission's decision is not supported by substantial evidence as there is nothing to indicate that he had a willful intention to injure a co-worker.

Appellant worked in the sanitation area of appellee's processing plant washing machinery with a water hose. Appellant's co-worker, Chester Moore, testified that he and appellant worked adjacent to each other and that Moore had reported to his supervisor an ongoing problem of co-workers spraying him with water. On March 22, 1993, Moore said that appellant sprayed him with water, but Moore did not think it was deliberate. Moore testified that he told appellant to stop getting him wet. When Moore continued to get sprayed with water, Moore aggressively warned appellant to stop getting water on him. Appellant, who has limited English and education, acted as if he did not understand. Appellant then struck Moore on his left cheek with an open hand. Moore said that the blow was not forceful enough to knock him down, to cause him to rock back, or to injure him. Moore then hit appellant in the right eye, causing serious injury.

Appellant denied hitting Moore. Appellant stated that he was injured when he was pushed from behind, which caused him to fall forward and strike his face on the machinery.

For appellant's injury to be found noncompensable under Ark. Code Ann. § 11-9-401(a)(2) (1987), appellant must

have had a "willful intention" to "injure" himself or another.[1] A willful intention to injure denotes "premeditated or deliberate misconduct," rather than a sudden or impulsive act, and includes a physical force that is designed to inflict "real injury." *Johnson* v. *Safreed*, 224 Ark. 397, 273 S.W.2d 545 (1954). A willful intent to injure obviously contemplates behavior of greater gravity and culpability than what may be characterized as aggression. *Id*. (quoting 1 A. Larson, *Workmen's Compensation Law* § 11.15(d)).

■ The Commission found that appellant's conduct was premeditated and rose to willful misconduct; thus, appellant's injury was noncompensable. On appeal of a workers' compensation case, we review the evidence in the light most favorable to the Commission's decision and affirm if it is supported by substantial evidence. *Plante* v. *Tyson Foods, Inc.*, 319 Ark. 126, 890 S.W.2d 253 (1994). Substantial evidence exists if reasonable minds could have reached the same conclusion. *Id*. Thus, before we reverse the Commission's decision, we must be convinced that fair-minded persons considering the same facts could not have reached the conclusion made by the Commission. *Id*.

■ In *Johnson*, *supra*, a dispute arose between the claimant and a co-worker. The claimant stated that he struck his co-worker because he felt threatened. The court held that the injury was compensable because the claimant's action was an impulsive light blow given in an attempt to protect himself and was not "of that serious or deliberate character necessary or essential to evince a willful intention" to injure. *Johnson*, 224 Ark. at 405. Although *Johnson* was decided before § 11-9-401 was enacted, we find its reasoning controlling. Arkansas Code Annotated § 11-9-401 does not define "injury." However, *Johnson*, *supra*, speaks of a "real injury," and one of "serious or deliberate character." Here, appellant's actions do not warrant a denial of benefits. Because we conclude that the Commission's decision is not supported by substantial

---

[1] Arkansas Code Annotated § 11-9-401(a)(2) (Supp. 1995), applicable to injuries sustained after July 1, 1993, states that there shall be no liability when the injury was "substantially occasioned by the willful intention of the injured employee to bring about such compensable injury."

evidence, we reverse and remand for an award of benefits.

Reversed and remanded.

COOPER and ROGERS, JJ., agree.