Cite as 2019 Ark. App. 360

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-19-69

|  |  |
|---|---|
| LAVACA SCHOOL DISTRICT AND ARKANSAS SCHOOL BOARDS ASSOCIATION<br><br>APPELLANTS<br><br>V.<br><br>PAT HATFIELD<br><br>APPELLEE | **Opinion Delivered** September 4, 2019<br><br>APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION<br>[NO. G408038]<br><br><br>AFFIRMED |

## LARRY D. VAUGHT, Judge

Appellants Lavaca School District and Arkansas School Boards Association (collectively "the district") appeal the Arkansas Workers' Compensation Commission's (Commission) decision reversing the decision of the administrative law judge (ALJ) who denied appellee Pat Hatfield's request for additional medical benefits. While the ALJ concluded that Hatfield's claim was barred by the statute of limitations, the Commission disagreed and found that she had received reasonable and necessary medical treatments that tolled the statute of limitations. This factual finding is supported by substantial evidence, so we affirm the Commission's decision.

Hatfield was employed by the district when she first sustained an undisputedly compensable injury to her right knee as a result of falling in the bathroom on April 11, 2014.

Hatfield filed for workers'-compensation benefits on October 3, 2014, and the district subsequently paid for medical treatment, including surgery.

Hatfield had what she called a "flare up" with her right knee in July 2015 and received medical treatment until December 29, 2015 when her treating physician, Dr. Trent Johnson, released her to work with no restrictions. On March 14, 2016, Lavaca School District's attorney emailed Hatfield's attorney and Dr. Johnson, advising them that Hatfield must request and receive advance authorization for any additional medical treatment related to her knee injury. Hatfield was then treated by Dr. Johnson, without requesting or obtaining advanced authorization, on May 6 and June 21, 2016. At both of these appointments, Hatfield complained of pain in her right leg, shooting down from her back and hip. She was prescribed physical therapy for her back and given an injection in her hip. On April 27, 2017, Hatfield was again seen by Dr. Johnson, without advance authorization, for problems specifically related to her right knee. The district did not pay for any of the three treatments for which Hatfield failed to obtain prior approval.

On March 1, 2018, Hatfield filed a claim for additional medical benefits for her right knee stemming from her compensable injury. Although the district initially claimed to have provided all reasonable and necessary treatment up to and through June 21, 2016, it later revised its position and asserted that the last benefits that had been paid on Hatfield's claim were in December 2015, which would make her claim for additional benefits time-barred under the applicable statute of limitations.

The ALJ agreed with the district, concluding that Hatfield's claim for additional benefits was time-barred. Hatfield appealed to the Commission, which found that Hatfield

2

had received periodic medical treatment that was reasonable and necessary to treat her compensable injury and that the statute of limitations was therefore tolled. The Commission reversed the ALJ's decision, and this appeal followed.

To the extent that the issue before us includes pure questions of law, we review such issues de novo. *Stewart v. Ark. Glass Container*, 2010 Ark. 198, at 6–7, 366 S.W.3d 358, 361–62. It is for this court to decide what a statute means, and we are not bound by the Commission's interpretation and application of the statute. *Id.* Regarding findings of fact, however, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings, and we affirm if the decision is supported by substantial evidence. *Graves v. Hopper*, 2018 Ark. App. 193, at 11, 547 S.W.3d 448, 454. Substantial evidence exists if reasonable minds could reach the Commission's conclusion. *Id.* We will not reverse the Commission's decision unless fair-minded persons with the same facts before them could not have reached the Commission's conclusions. *Id.* The issue is not whether we might have reached a different result or whether the evidence would have supported a contrary finding. *Id.* Questions of weight and credibility are within the sole province of the Commission, which is not required to believe the testimony of the claimant or of any other witness but may accept and translate into findings of fact only those portions of the testimony it deems worthy of belief. *Id.* Once the Commission has made its decision on issues of credibility, the appellate court is bound by that decision. *Id.*

The only issue before us is whether Hatfield's March 5, 2018 application for additional medical benefits is barred by Arkansas Code Annotated section 11-9-702(b), which states in pertinent part:

(b) Time for Filing Additional Compensation.
(1) In cases in which any compensation, including disability or medical, has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the commission within one (1) year from the date of the last payment of compensation or two (2) years from the date of the injury, whichever is greater.

. . . .

(c) A claim for additional compensation must specifically state that it is a claim for additional compensation. Documents which do not specifically request additional benefits shall not be considered a claim for additional compensation.

Ark. Code Ann. § 11-9-702(b) (Repl. 2012). The Arkansas Supreme Court construes the term "last payment of compensation" as including the date the employer or carrier last furnished medical services. *Plante v. Tyson Foods, Inc.*, 319 Ark. 126, 129–31, 890 S. W.2d 253–256 (1994). The one-year limitations period runs from the date of the last furnishing of medical services, not the payment therefor. *Id.*

The parties disagree on the legal significance of Hatfield's failure to obtain prior authorization for the treatments as requested by the district. While the district argues that it did not furnish medical services to Hatfield because it only agreed to pay if she obtained prior authorization, Hatfield contends that the district's request that she obtain prior authorization was of no legal effect because Dr. Johnson was an authorized provider to treat Hatfield's admittedly compensable injury, and the district had no authority to unilaterally impose conditions and restrictions on those benefits. We affirm the Commission's finding that failure to comply with the district's pre-authorization requirements does not bar Hatfield from seeking additional benefits. The district has cited no authority for the idea that one party may unilaterally impose such conditions on the benefits it provides for a compensable injury.

4

Moreover, our caselaw makes clear that it is the furnishing of medical treatment that tolls the statute of limitations, not the payment for such treatment. *See Plante*, *supra*.

The parties also dispute whether Hatfield's visits to Dr. Johnson in 2016 tolled the statute of limitations. The district argues that the issue before us is a question of statutory interpretation, but the substance of its argument on appeal challenges the Commission's finding that the medical services furnished to Hatfield in May and June 2016 were reasonable and necessary to treat her compensable knee injury. In response, Hatfield argues that the May and June 2016 treatments were reasonable and necessary because they stemmed from an abnormal gait that was a lasting side effect from her knee injury.

In determining that Hatfield's application for additional benefits was not time-barred, the Commission found that the May and June 2016 treatments were sufficiently related to her knee injury, stating that "Dr. Johnson's continued treatment after [December 29, 2015], was reasonable and necessary, and was related to continued difficulty related to the claimant's right knee, as well as complications resulting from the compensable injury." This is a finding of fact, which we must sustain because it is supported by substantial evidence. *Heritage Baptist Temple v. Robison*, 82 Ark. App. 460, 120 S.W.3d 150 (2003). Dr. Johnson's notes from both visits state that Hatfield was being seen "as a follow-up," which indicates that her complaints of right-leg pain were related to her prior visits at which she received treatment for her compensable right-knee injury. Dr. Johnson's notes for both 2016 appointments also specifically mention her history of knee problems. Moreover, Hatfield testified that the generalized leg pain for which she was seen in 2016 was the result of an uneven gait, saying that it was caused by "favoring other parts of the body to try and stay off this leg." She attributed the leg and hip pain to "the

5

way I was walking" due to her knee pain. Following these 2016 treatments, Hatfield saw Dr. Johnson in April 2017 for treatment that was clearly related to her compensable knee injury. We see no error in the Commission's finding that the continued treatment of her right leg in 2016 was reasonable and necessary.

The remaining analysis is simple and straightforward. Dr. Johnson was Hatfield's authorized treating physician for an admittedly compensable injury. He provided reasonable and necessary medical treatment for Hatfield's compensable knee injury at least once per year between the date of her injury in April 2014 and her last treatment in April of 2017. Hatfield then filed an application for additional benefits in March 2018, which fell within one year of the 2017 treatment. Under a plain reading of Arkansas Code Annotated section 11-9-702(b), her application for additional medical benefits is not time-barred. We therefore affirm the Commission's decision.

Affirmed.

GLADWIN and BROWN, JJ., agree.

*Ledbetter, Cogbill, Arnold & Harrison, LLP*, by: *James A. Arnold II* and *Victor L. Crowell*, for appellants.

*Walker, Shock & Harp, PLLC*, by: *Eddie H. Walker, Jr.*, for appellee.