Cite as 2022 Ark. App. 139

# ARKANSAS COURT OF APPEALS

DIVISIONS I AND II
No. CV-21-104

| | | |
|---|---|---|
| DARRELL SLAUGHTER | | Opinion Delivered March 30, 2022 |
| | APPELLANT | APPEAL FROM THE ARKANSAS |
| V. | | WORKERS' COMPENSATION |
| | | COMMISSION |
| CITY OF FAYETTEVILLE AND | | [NO. F607819] |
| ARKANSAS MUNICIPAL LEAGUE | | |
| | APPELLEES | AFFIRMED |

## N. MARK KLAPPENBACH, Judge

This is an appeal from a decision of the Arkansas Workers' Compensation Commission denying a claim for additional medical benefits related to Darrell Slaughter's compensable spine injuries. The Commission found that Slaughter's claim was barred by the applicable one-year statute of limitations. Slaughter argues that the Commission's decision is not supported by substantial evidence and constitutes an error of law. We affirm.

Slaughter was working as a Fayetteville police patrol officer when, on March 10, 2004, the motorcycle he was driving was struck by a vehicle. He suffered an impact injury to his mid-back, a whiplash injury to his neck, and various abrasions. His workers'-compensation claim was accepted as compensable, specifically including injuries to his spine at C3/4, C6/T1, and T1/2. He received medical and disability benefits.[1] His treatments included

---

[1]The employer paid indemnity benefits until October 2009.

medication, imaging studies, clinic visits, neurology testing, physical therapy, spinal injections, one spinal surgery in 2006, and one spinal surgery in 2009. Slaughter continued to work until retiring in 2010, but his employer continued to pay for his related continuing medical treatment for years.

Relevant to this appeal, Slaughter received facet-joint injections into his thoracic spine on November 2, 2016, for the purposes of relieving back pain.[2] Slaughter called the doctor's office in October 2017 to obtain another appointment for injections, but he could not get an appointment any sooner than December 7, 2017. He asked to be put on a cancellation list in case an earlier appointment became available, but he was never called.

Slaughter continued to see his medical caregivers regarding his spine problems in 2018 and 2019, which Fayetteville's workers'-compensation insurance carrier continued to pay. In mid-July 2019, however, at a clinic visit, Slaughter was told that the insurance carrier would no longer pay for Slaughter's medical care related to his compensable injuries.[3] In response, Slaughter filed a claim for additional medical benefits on July 29, 2019. In resistance to Slaughter's claim, Fayetteville raised a statute-of-limitations defense and contended that there was a gap of more than one year in medical treatment between the

---

[2]On December 15, 2016, the workers'-compensation insurance carrier issued a check to pay for the November 2016 injection.

[3]Despite this announcement, the insurance carrier continued to pay Slaughter's medical expenses until April 2020. The additional-medical-benefits issue was litigated before the workers' compensation administrative law judge (ALJ) in June 2020. In January 2021, the Commission affirmed and adopted the ALJ's decision, leading to this appeal.

November 2, 2016, and December 7, 2017 facet-joint injections. Fayetteville argued that because the period between those two medical treatments exceeded one year, the statute of limitations barred any further medical treatment being the responsibility of the employer. Fayetteville also contended that any medical care that was provided after the statute of limitations had run did not revive the claim. Slaughter asserted that the insurance carrier did not actually *pay* for the November 2016 injections until mid-December 2016, and less than a year passed before he was again given spinal injections on December 7, 2017. Slaughter asserted, in the alternative, that the insurance carrier voluntarily continued to pay for his medical treatments long after those injections, so the statute of limitations was renewed or revived by the voluntary continued payments, which made his July 2019 claim timely.

The Commission agreed with Fayetteville's argument and determined that the relevant dates were the dates medical services were actually provided to Slaughter in 2016 and 2017, not the date those services were paid for. The Commission also found that the continued provision of medical care did not revive Slaughter's claim because the statute of limitations had already run in 2017. Slaughter appeals.

While we generally affirm workers'-compensation appeals if the decision is supported by substantial evidence, we review questions of law from the Commission de novo. When the Commission denies benefits because a claimant has failed to meet his or her burden of proof, the substantial-evidence standard of review requires that we affirm if the Commission's decision displays a substantial basis for the denial of relief. *White Cnty. Judge*

3

*v. Menser*, 2020 Ark. 140, 597 S.W.3d 640. However, this appeal concerns the construction and application of Arkansas Code Annotated section 11-9-702(b)(1) (Repl. 2012). The correct interpretation and application of an Arkansas statute is a question of law. *Wynne v. Liberty Trailer*, 2021 Ark. App. 374, 636 S.W.3d 348. This court decides what a statute means. *Id.* When we interpret the workers'-compensation statutes, we must strictly construe them. *Id.* Strict construction requires that nothing be taken as intended that is not clearly expressed; we are required to use the plain meaning of the language employed. *Id.*

The time limitations for requesting additional workers'-compensation benefits are set forth in Arkansas Code Annotated section 11-9-702, which provides, in pertinent part,

> (b) TIME FOR FILING ADDITIONAL COMPENSATION.
>
> (1) In cases in which any compensation, including disability or medical, has been paid on account of injury, a claim for *additional compensation shall be barred unless filed* with the commission within *one (1) year from the date of the last payment of compensation* or two (2) years from the date of the injury, whichever is greater.

(Emphasis added.) It is a claimant's burden to prove that he acted within the time allowed for filing a claim for additional compensation. *Kent v. Single Source Transp., Inc.*, 103 Ark. App. 151, 287 S.W.3d 619 (2008). The running of the statute of limitations is largely a question of fact. *Farris v. Express Servs., Inc.*, 2019 Ark. 141, 572 S.W.3d 863.

Slaughter raises three arguments on appeal asserting that the Commission erred in finding: (1) that more than one year had passed between the provision of medical treatment in 2016 and 2017, which meant that the one-year statute of limitations barred any claim for additional medical benefits; (2) that the employer's voluntary provision of medical benefits

4

from and after 2017 did not revive Slaughter's claim; and (3) that the employer's defense was not barred by the doctrine of estoppel. Slaughter contends that the Commission's decision is not supported by substantial evidence, constitutes legal error, and must be reversed. Slaughter has failed to present reversible error.

Slaughter first contends that there was no greater-than-one-year gap in workers'-compensation benefits because the employer paid the bill for the November 2016 spinal injections in mid-December 2016, which was within a year of his next spinal injections in early December 2017. Slaughter argues that the actual "last payment of compensation" was the December 2016 payment for medical services. In contrast, Fayetteville contends that it is the furnishing of medical services, not the payment therefor, that constitutes "payment of compensation" regarding a claimant's medical benefits. Given our appellate courts' interpretation of this statute, Fayetteville is correct.

"[I]t is the furnishing of the medical service, not the payment therefor, which constitutes the 'payment of compensation.'" *Heflin v. Pepsi Cola Bottling Co.*, 244 Ark. 195, 198, 424 S.W.2d 365, 367 (1968). The claimant is "compensated" by the furnishing of medical services and not by the payment of the charges therefor. *Id.*; *see also Plante v. Tyson Foods, Inc.*, 319 Ark. 126, 129, 890 S.W.2d 253, 255 (1994); *Lavaca Sch. Dist. v. Hatfield*, 2019 Ark. App. 360, 584 S.W.3d 262. In *Farris, supra*, our supreme court reaffirmed that "the date of the last payment of compensation" under section 11-9-702(b) means "the date of the last furnishing of medical services." Nevertheless, Slaughter argues that elementary principles of statutory construction require us to construe the statute according to its literal

5

and plain meaning and hold that the date on which medical services are actually paid can constitute the "payment of compensation" for purposes of the statute of limitations. To accept Slaughter's argument would require that we depart from our supreme court's holding on this very issue. We are not at liberty to overturn a decision of the supreme court. *See Osborne v. Bekaert Corp.*, 97 Ark. App. 147, 152, 245 S.W.3d 185, 190 (2006); *Cheshire v. Foam Molding Co.*, 37 Ark. App. 78, 80, 822 S.W.2d 412, 413 (1992).

Moreover, the appellate court's interpretation of a statute becomes part of the statute. *Miller v. Enders*, 2013 Ark. 23, 425 S.W.3d 723. The General Assembly is presumed to be familiar with the appellate courts' interpretation of its statutes, and if it disagrees with those interpretations, it can amend the statutes. *Id.* Without such amendments, however, the appellate courts' interpretations of the statutes remain the law. *Id.* Section 11-9-702(b) has not been amended to change the interpretation our appellate courts have established concerning the meaning of "payment of compensation" as it applies to workers'-compensation medical benefits. *See also Lawhon Farm Servs. v. Brown*, 335 Ark. 272, 984 S.W.2d 1 (1998).

Slaughter next argues, in the alternative, that the employer's continued payment for various medical services provided to Slaughter from 2017 to 2020 revived an otherwise defunct claim that was barred by the statute of limitations.[4] We disagree.

---

[4]The dissenting opinion does not address the issue of the running of the statute of limitations on Slaughter's claim in 2017. The dissent does not address or mention Slaughter's next argument on appeal, which is that the employer's provision of subsequent medical treatment "revived" his "time-barred claim." If the dissent agrees that Slaughter's

6

Payments by a workers' compensation insurance carrier to an employee do not have the effect of reviving any claim as to which the statute of limitations might have run with respect to the employer. *Woodard v. ITT Higbie Mfg. Co.*, 271 Ark. 498, 609 S.W.2d 115 (Ark. App. 1980). Stated differently, gratuitous payment of benefits does not revive the statute of limitations on a claim that has already run. *See Kirk v. Cent. States Mfg. Inc.*, 2018 Ark. App. 78, at 9, 540 S.W.3d 714, 718, overruled on other grounds by *Wynne v. Liberty Trailer, supra*.[5] Thus, once a claim is time-barred, payment or medical treatment does not revive the barred claim, although there is authority to the contrary in other states. *See 3 Modern Workers Compensation* § 301:10 (WL current through March 2022 update). We hold that the Commission did not err in rejecting the argument that the employer's providing subsequent medical services revived an otherwise time-barred claim.

Lastly, Slaughter asserts that the employer was estopped from raising a statute-of-limitations defense because it continued to pay for his medical care from and after December 2017. Slaughter, however, did not raise this argument below. To preserve an issue for appellate review in a workers'-compensation case, it is a party's responsibility to present the

---

claim was "revived," it cites no legal authority for that position. If the dissent is making an argument for reversal for Slaughter that Slaughter did not make, this is impermissible. It is a well-settled principle that we will not make an appellant's argument for him or her. *Shepherd v. Tate*, 2019 Ark. App. 143.

[5]"To the extent that *Kirk* held that one must file a claim for additional medical or disability benefits within one year of the last payment of the specific type of benefit being requested—rather than within one year from the last payment of compensation for any type of benefit—we overrule it." *Wynne*, 2021 Ark. App. 374, at 9, 636 S.W.3d at 354. The remaining law recited in *Kirk* was unaffected by the *Wynne* decision.

7

issue to the Commission and obtain a ruling. *Univ. of Cent. Ark. v. Srite*, 2019 Ark. App. 511, 588 S.W.3d 849.

The Commission's decision is supported by substantial evidence and is in accordance with Arkansas law. We, therefore, affirm.

Affirmed.

HARRISON, C.J., and ABRAMSON, GLADWIN, and VAUGHT, JJ., agree.

BROWN, J., dissents.

**WAYMOND M. BROWN, Judge, dissenting**. By affirming the decision of the Arkansas Workers' Compensation Commission (Commission), the majority has completely disregarded the statutory language concerning the running of the statute of limitations for workers'-compensation claims. While the majority correctly recites the relevant statute, it relies on dates not relevant to determine whether Slaughter's claim for additional benefits was made outside the one-year period. Therefore, I respectfully dissent.

Appellees informed Slaughter that they would no longer pay for his medical care in July 2019. At that time, appellees had been paying for Slaughter's treatments for over fourteen years. Once Slaughter received notice, he filed a claim with the Commission for additional medical benefits on July 29, 2019. Although appellees told Slaughter that they would no longer pay for his medical treatments, Slaughter received medical treatments as late as January and February 2020, with appellees making the last payment to providers in April 2020.

8

In *Wynne v. Liberty Trailer*,[1] this court noted that the time limitations for requesting additional workers'-compensation benefits are set forth in Arkansas Code Annotated section 11-9-702(b),[2] which provides, in pertinent part,

(b) TIME FOR FILING ADDITIONAL COMPENSATION.

(1) In cases in which any compensation, including disability or medical, has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the commission within one (1) year from the date of the last payment of compensation or two (2) years from the date of the injury, whichever is greater.

Slaughter received medical treatments in July, August, September, October, and December 2019. These treatments were paid by appellees between August 2019 and January 2020. Based on the relevant statute, in order for the statute of limitations to have run in Slaughter's case, appellees would have had to completely stop providing treatment for Slaughter before July 29, 2018. Slaughter received medical treatment at Washington Regional Medical Center on July 18, 2018. Appellees paid for this treatment on December 5, 2018. Slaughter also received medical treatment in August, September, October, and November 2018; appellees provided payments for these treatments between December 2018 and March 2019. Additionally, Slaughter received treatments several times in July 2019[3] before filing a claim for additional benefits. Therefore, when Slaughter filed a claim with the Commission for additional medical benefits, he was well within the statutory one-year

---

[1] 2021 Ark. App. 374, 636 S.W.3d 348.

[2] (Repl. 2012).

[3] Treatments were received on July 11, 24, 27, and 29.

9

bar. *Stewart v. Arkansas Glass Container*,[4] also supports this conclusion. In *Stewart*, our supreme court held that the Stewart's claim for additional benefits had to be filed within one year from the date he last received medical benefit; however, it held that date to be June 19, 2003, when Stewart last received medical treatment. Here, Slaughter filed for additional benefits on July 29, 2019. Before filing for benefits, Slaughter had just received medical treatments that month. As a matter of fact, his treatments continued into 2020, with his last treatment being on February 20.

The majority and the Commission erroneously relied on Slaughter's November 2016 and December 2017 treatments in concluding that the statute of limitations had run for his claim; however, their reliance is misplaced for purposes of the statute because the only relevant dates for purposes of the statute are Slaughter's last treatment date (as held by *Stewart*) and the date Slaughter filed a claim with the Commission for additional benefits. Ironically, Slaughter received medical treatments several times in July 2019, including the day he filed his claim with the Commission. Therefore, the gap in Slaughter's treatment between November 2016 and December 2017 is not a bar to his receiving additional benefits since his claim with the Commission was filed well within a year of the last date he received medical services.

---

[4]2010 Ark. 198, 366 S.W3d 358.

Because I would hold that the statute of limitations had not run on Slaughter's claim for additional benefits and would reverse and remand on that basis, I would not address Slaughter's other two arguments.

*Cullen & Co., PLLC*, by: *Tim Cullen*, for appellant.

*Barber Law Firm PLLC*, by: *Karen H. McKinney*, for appellee.