WAYMOND M. BROWN, Judge
Appellant appeals from the Arkansas Workers' Compensation Commission's (Commission) January 12, 2017 opinion affirming and adopting the July 11, 2016 opinion of the administrative law judge (ALJ) denying his claim on finding that the statute of limitations had run in the matter and that he had failed to prove that he was entitled to any additional indemnity benefits. On appeal, appellant argues (1) that the Commission erred in finding that his claim for additional indemnity benefits was barred by the applicable statute of limitations and (2) that Flores's[1] interpretation of the statute of limitations is not strict construction and is therefore contrary to legislative intent. We affirm.
Appellant provided the only testimony at the hearing. He testified that he was injured on July 25, 2006. He received temporary total disability benefits through October 15, 2007. He also received medical treatment at the expense of Central States Manufacturing, Inc. (Central States), including surgery with Dr. Blankenship, after which he returned to work.[2] While working for Central States in South Dakota in 2013, appellant started experiencing increased pain, which he reported to Central States. Central States "forced [him] to go through a process with the Workers' Compensation Commission," in which he eventually returned to the care of Dr. Blankenship, who removed him from work and performed a second surgery. Following the surgery, he attempted to return to work under partial day and limited activity restrictions in 2014, but his pain increased despite being limited to four-hour work days. He returned to Dr. Blankenship, who *716 again removed him from work after finding that appellant's pain levels were increasing. It was during this time when he was "totally off work by Dr. Blankenship's recommendation" that Central States fired him saying that he was "no longer needed." Appellant had not been employed at all since his termination by Central States, but he applied and was approved for Social Security disability benefits. Central States stopped paying indemnity benefits when it fired him, though it had resumed doing so after his second surgery.
Appellant testified that "[t]here was a period of about five years that [he] did not receive any type of indemnity benefit, only medical"; he thought the gap was between 2007 and 2012. He was not asked about any indemnity benefits during that time nor did he ask. He never made a written claim for indemnity benefits and did not request additional indemnity benefits before hiring an attorney. He stated that he "never saw a need to request additional benefits; [he] did not know it was an option." Following appellant's testimony, the ALJ ordered briefs from both parties, which were submitted by both parties on May 13, 2016.
The ALJ filed his opinion on July 11, 2016, in which he found that (1) the statute of limitations had run on appellant's claim for indemnity benefits, (2) appellant had failed to prove the defense of estoppel as it related to appellee's claim that the statute of limitations had run in this matter, and (3) appellant had failed to prove that he was entitled to any additional indemnity benefits. Accordingly, the ALJ denied appellant's claim in its entirety. Appellant timely appealed to the Commission, which entered its opinion on January 12, 2017, affirming and adopting the opinion of the ALJ. This timely appeal followed.
Under Arkansas law, the Commission is permitted to adopt the ALJ's opinion.[3] In so doing, the Commission makes the ALJ's findings and conclusions the findings and conclusions of the Commission.[4] Therefore, for purposes of our review, we consider both the ALJ's opinion and the Commission's majority opinion.[5]
In appeals involving claims for workers' compensation, the appellate court views the evidence in the light most favorable to the Commission's decision and affirms the decision if it is supported by substantial evidence.[6] Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion.[7] The issue is not whether the appellate court might have reached a different result from the Commission, but whether reasonable minds could reach the result found by the Commission.[8] Additionally, questions concerning the credibility of witnesses and the weight to be given to their testimony are within the exclusive province of the Commission.[9] When there are contradictions in the evidence, it is within the Commission's province to reconcile conflicting evidence and determine the facts.[10] This court will reverse the Commission's *717 decision only if it is convinced that fair-minded persons with the same facts before them could not have reached the conclusions arrived at by the Commission.[11] Questions of law are reviewed de novo.[12] In addition to reviewing the record for substantial evidence, however, we also examine the record for matters that would toll the limitations statute.[13]
Appellant's first argument on appeal is that his claim for additional indemnity benefits is timely because Central States has provided continuous compensation. In support of this argument, he asserts that (1) his August 18, 2014 request for additional indemnity payments was within one year of his last payment of compensation, which was for his June 19, 2014 visit with Dr. Blankenship; and (2) the plain language of the statute-which refers to "any additional compensation"-does not require the last paid compensation to be the same kind sought for additional compensation, noting that courts have defined "last payment compensation" to include the date medical services were last provided.[14]
Arkansas Code Annotated section 11-9-702 states in relevant part, that "[i]n cases where any compensation, including disability or medical, has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the commission within one (1) year from the date of the last payment of compensation, or two (2) years from the date of the injury, whichever is greater."[15] All parties agree that appellant never filed a Form AR-C, which is the typical method to notice a claim. However, he did notice a claim by requesting a hearing on the "issue of permanent and total benefits" by letter from his counsel dated August 18, 2014. Accordingly, absent some action that tolled the statute of limitations, appellant's claim for additional indemnity benefits would normally have had to be filed within one year of August 14, 2014[16] (the date of the last receipt of medical benefits) or two years from July 25, 2006 (the date of injury). Under this timeline, it may have been possible that the statute of limitations had not run on appellant's request for additional indemnity benefits. However, the fact that Central States paid appellant indemnity benefits and then ceased for a period of time before resuming so bears on the outcome of this matter.
Appellant's indemnity payments ceased from October 15, 2008, to October 28, 2013. While it is clear that appellant's medical treatment continued through this gap in indemnity payments, the fact remains that appellant's indemnity payments stopped for a period of five years before being resumed and he failed to file any claim for benefits during this time-formal or otherwise. This is similar to the appellant in Flores , who was injured on April 30, 2005, for which she received medical treatment and total temporary disability (TTD) benefits; filed a Form AR-C seeking additional treatment and TTD benefits on June 29, 2005; had a hearing and was *718 awarded treatment and TTD benefits from June 17, 2005, through June 30, 2005;[17] returned to work for the employer but eventually ceased working altogether; and did not request additional compensation until October 11, 2010.[18]
Noting that the parties had stipulated that Flores's last medical treatment occurred on July 6, 2009, the ALJ issued an opinion granting Flores's claims for additional medical benefits, but stated that her claims for benefits attributable to permanent impairment and wage-loss disability were barred because they were first raised in her October 11, 2010 letter, a date which was not within two years of her injury or one year of her last payment of compensation. This court affirmed the ALJ and in doing so, made it clear that the statute of limitations can run on a claim for additional indemnity benefits and not have run on additional medical benefits.
In the case at bar, appellant never filed any request for additional indemnity benefits-whether through the typical Form AR-C form or another method-until August 18, 2014, and this request was made after there had been a five-year gap in receipt of indemnity benefits. That gap began and ended a little less than six years and three years, respectively, before the date of appellant's claim for indemnity benefits. The purpose of the statute of limitations in workers' compensation cases is to permit a claimant's injuries to be promptly investigated and treated.[19] The burden of filing a claim for additional benefits within the statute of limitations is upon the claimant.[20] While certain claims may toll the running of the statute of limitations, such claims cannot revive other forms of compensation once the statute has run.[21] This court cannot find that the ALJ erred in finding that appellant's claim for indemnity payments was barred by his failure to raise his claim within the appropriate period of time after Central States ceased paying indemnity benefits nor can it find error in the ALJ's assertion that "gratuitous payment of indemnity benefits does not revive the state of limitations[.]"
Appellant's second argument is that Flores's interpretation of the statute of limitations is not strict construction, and is therefore contrary to legislative intent. In support of this argument, he asserts that the Flores interpretation restricts the statute of limitations against legislative intent, and that Flores broadens the statute of limitations leading to absurd results not intended by the legislature. According to appellant, "[i]f the legislature intended to have a distinction between requesting additional medical and additional indemnity, it would have specifically included language stating that an additional benefits claim must be for each distinct type of compensation[.]" Appellant asserts that this court has read a different statute of limitations for indemnity and medical benefits into the statute.
Appellant's reading misunderstands the holding in Flores as Flores was held to the same one-year-from-the-date-of-the-last-payment-of-compensation statute of limitations given in the statute.[22] Furthermore, *719 the Flores court looked to Stewart v. Arkansas Glass Container[23] to address the same argument that appellant now makes, namely, that it failed to strictly construe the statute. The Flores court noted that among other things, the Stewart court also held that Stewart's claim for medical benefits "would have tolled the statute of limitations only with regard to that specific claim and not as to other claims for benefits not requested at that time."[24] The Stewart court therefore indicated, even prior to the Flores court, that there is a distinction in the statute of limitations for additional medical benefits as opposed to additional indemnity benefits so that the statute of limitations may run on one type of benefit and not the other. Finally, we note that the legislature has yet to amend the statute to correct or overturn Stewart or Flores , if it saw fit.
Affirmed.
Klappenbach and Whiteaker, JJ., agree.

Flores v. Walmart Distrib. , 2012 Ark. App. 201, 2012 WL 723252.

He continued to receive medical treatment after the surgery through 2016. The parties stipulated in the April 12, 2016 prehearing order that appellant was "currently receiving medical benefits for his claim and no controversy exists regarding those current benefits."

Williams v. Ark. Dep't of Cmty. Corr. , 2016 Ark. App. 427, at 4, 502 S.W.3d 530, 533 (citing SSI, Inc. v. Cates , 2009 Ark. App. 763, 350 S.W.3d 421 ).

Id. at 4-5, 502 S.W.3d at 533.

Id. at 5, 502 S.W.3d at 533.

Skinner v. Tango Transp., Inc. , 2016 Ark. App. 304, at 8, 495 S.W.3d 637, 643 (citing Prock v. Bull Shoals Boat Landing , 2014 Ark. 93, 431 S.W.3d 858 ).

Id.

Id.

Id.

Id.

Id.

Id. (citing Johnson v. U.S. Food Serv., Inc. , 2013 Ark. App. 86, 2013 WL 543906 ).

Plante v. Tyson Foods , 319 Ark. 126, 128, 890 S.W.2d 253, 254 (1994) (citing McFall v. United States Tobacco Co. , 246 Ark. 43, 436 S.W.2d 838 (1969) ).

Appellant was provided medical treatment continuously until June 19, 2014, and his last indemnity payment was received August 14, 2014.

Ark. Code Ann. § 11-9-702(b)(1) (Repl. 2012).

We should note that though medical payments were made until this date, appellant reached maximum medical improvement on June 19, 2014.

Neither party appealed this award.

Flores had previously requested a hearing on her entitlement to medication and additional medical treatment in a letter to the Commission dated April 8, 2009, but it was canceled by the parties on June 24, 2009.

St. John v. Ark. Lime Co., (Rangaire Corp.) , 8 Ark. App. 278, 283, 651 S.W.2d 104, 106 (1983) (citing Woodard v. ITT Higbie Mfg. Co. , 271 Ark. 498, 609 S.W.2d 115 (Ark. App. 1980) ).

Id. (citing Petit Jean Air Serv. v. Wilson , 251 Ark. 871, 475 S.W.2d 531 (1972) ).

Terminal Van & Storage v. Hackler , 270 Ark. 113, 117, 603 S.W.2d 893, 896 (Ark. Ct. App. 1980).

Two years had clearly passed from the date of Flores's July 6, 2009 injury.

2009 Ark. App. 300, 307 S.W.3d 614.

Flores , 2012 Ark. App. 201, at 6-7.