Cite as 2021 Ark. App. 374

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CV-20-699

| | |
|---|---|
| TERRY WYNNE<br><br>APPELLANT<br><br>V.<br><br>LIBERTY TRAILER AND DEATH AND PERMANENT TOTAL DISABILITY TRUST FUND<br><br>APPELLEES | **Opinion Delivered** October 6, 2021<br><br>APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION<br>[NO. G508657]<br><br>REVERSED AND REMANDED |

## RITA W. GRUBER, Judge

This is an appeal from a decision of the Arkansas Workers' Compensation Commission denying a claim for additional medical benefits filed by appellant Terry Wynne. Relying on our decision in *Kirk v. Central States Manufacturing, Inc.*, 2018 Ark. App. 78, 540 S.W.3d 714, the Commission found that the statute of limitations barred appellant's claim. Appellant's sole point on appeal is that the holding in *Kirk* is erroneous and should be overruled. For the reasons set forth herein, we reverse and remand.

Appellant sustained a compensable injury to his right shoulder on November 11, 2015, while employed as a trailer technician and certified welder for appellee Liberty Trailer. He was injured when he fell off a ladder trying to remove and replace a tarp over a trailer for a customer. He had his first surgery on his right shoulder on February 2, 2016, and a second surgery on February 17, 2017, because his condition had not improved. He complained that the second surgery still had not helped his condition, and he was sent to

physical therapy, which also did not remedy his condition. He was then seen by Dr. Charles Pearce, who prescribed medication and referred him to another surgeon for evaluation. Appellant completed a functional capacity evaluation on October 27, 2017, and then returned to Dr. Pearce for a follow-up appointment on October 30. Dr. Pearce determined that appellant had reached maximum medical improvement and released him to return to light-duty work with permanent restrictions. Appellant testified that he continued to experience stabbing pain in his right shoulder, and in January 2018, he returned to his family doctor, Dr. Joe Buford, who prescribed pain medication. Dr. Buford then referred him to Advanced Spine and Pain Center, where appellant continues to receive pain-management treatment.

Appellant's lawyer filed a Form AR-C with the Commission on February 25, 2019, requesting "Additional Temporary Total, Additional Temporary Partial, Additional Permanent Partial, Additional Medical Expenses, Rehabilitation, Attorneys Fees, and Other." The parties agreed at a prehearing conference that the issues to be litigated were whether appellant was entitled to additional medical treatment in the form of pain management and whether the claim for additional medical benefits was barred by the statute of limitations, as appellee contended. A hearing was held before the administrative law judge (ALJ) on January 8, 2020. The ALJ's opinion, issued on May 18, did not address whether appellant was entitled to additional medical treatment because it found that the claim was barred by the statute of limitations. The ALJ based her decision on our supreme court's opinions in *White County Judge v. Menser*, 2020 Ark. 140, 597 S.W.3d 640, and *Stewart v. Arkansas Glass Container*, 2010 Ark. 198, 366 S.W.3d 358, and this court's decisions in *Flores*

2

*v. Walmart Distribution*, 2012 Ark. App. 201, and *Kirk*, *supra*. The Commission affirmed and adopted the opinion of the ALJ, denying the claim as barred by the statute of limitations.

While we generally affirm workers'-compensation appeals if the decision is supported by substantial evidence, we review questions of law from the Commission de novo. This appeal concerns the construction and application of Arkansas Code Annotated section 11-9-702(b)(1) (Repl. 2012). The correct interpretation and application of an Arkansas statute is a question of law. *Menser*, 2020 Ark. 140, at 7, 597 S.W.3d at 644. This court decides what a statute means. *Sykes v. Williams*, 373 Ark. 236, 283 S.W.3d 209 (2008). When we interpret the workers'-compensation statutes, we must strictly construe them. *Id.*, 283 S.W.3d 209; Ark. Code Ann. § 11-9-704(c)(3) (Repl. 2012). Strict construction is narrow construction and requires that nothing be taken as intended that is not clearly expressed. *Hapney v. Rheem Mfg. Co.*, 341 Ark. 548, 26 S.W.3d 771 (2000). The doctrine of strict construction requires this court to use the plain meaning of the language employed. *Id.*, 26 S.W.3d 771.

Appellant argues that our decision in *Kirk*, *supra*, incorrectly interprets the governing statute of limitations and erroneously expands the holding of *Flores*, *supra*, and asks us to overrule it. The issue before us is whether appellant filed a timely request for additional medical benefits. The time limitations for requesting additional workers'-compensation benefits are set forth in Arkansas Code Annotated section 11-9-702, which provides, in pertinent part,

(b) TIME FOR FILING ADDITIONAL COMPENSATION.

(1) In cases in which any compensation, including disability or medical, has been paid on account of injury, a claim for additional compensation shall be barred unless

filed with the commission within one (1) year from the date of the last payment of compensation or two (2) years from the date of the injury, whichever is greater.

Ark. Code Ann. § 11-9-702.

The facts relevant to the issue before us are that appellant was paid temporary and permanent total-disability benefits, the last payment of which was for the period of November 11 through December 14, 2018, by check issued on January 17, 2019. The last payment for medical benefits was on December 5, 2017, for services provided by Dr. Pearce on October 30, 2017. Appellant filed his claim for additional compensation—specifically for additional medical benefits—on February 25, 2019. Appellant contends that he filed the claim within one year "from the date of the last payment of compensation," which, he argues, was on January 17, 2019—that is, the last payment of disability benefits. It is not disputed that appellant filed his claim within one year from the last payment for disability benefits. The Commission determined that appellant's claim did not fall within the language of Ark. Code Ann. § 11-9-702(b)(1) as interpreted by the Arkansas appellate courts' caselaw because the claim was for medical benefits and thus had to be filed within one year of the last payment for medical benefits. Accordingly, the Commission found that the statute of limitations had expired.

We turn to the relevant caselaw. In *Stewart*, 2010 Ark. 198, 366 S.W.3d 358, the supreme court affirmed the Commission's denial of additional disability benefits because the claim was not filed within the relevant statute of limitations pursuant to Ark. Code Ann. § 11-9-702(b)(1). The payment of last medical benefits in *Stewart* was on June 19, 2003, and the payment of last disability benefits was December 3, 2002. The claim for additional disability benefits was made in either 2005 or 2006. Therefore, unlike in the case at bar, the

4

issue in *Stewart* was whether the statute of limitations was tolled by Stewart's timely claim for additional medical benefits because the claim for additional disability benefits was clearly beyond one year from either the payment of last medical or disability benefits. The court stated it was not holding that "a request for additional compensation that is not acted on only tolls the statute of limitations with respect to that particular claim. Stewart's earlier requests for medical benefits thus could not . . . toll the statute of limitations for all other claims for benefits that were not requested at that time." *Stewart*, 2010 Ark. 198, at 11, 366 S.W.3d at 364. The court noted, however, that the claim for additional benefits (both medical and disability) had to be filed within one year "of the last payment of compensation (here, June 19, 2003) or two years from the date of injury (August 8, 2001)" to have been timely filed. *Stewart*, 2010 Ark. 198, at 13, 366 S.W.3d at 365. The court did not hold that a claim for additional disability benefits would be untimely when filed within one year of the last payment of medical benefits.

We handed down *Flores*, *supra*, in 2012, affirming the Commission's denial of permanent disability benefits because the statute of limitations had run. 2012 Ark. App. 201. Flores was injured on April 30, 2005, and both medical and disability benefits were paid. She timely requested additional medical treatment, and the Commission awarded additional medical benefits. Flores also requested additional disability benefits on October 11, 2010. The parties had stipulated that the "last payment of compensation . . . was on July 6, 2009," which was for payment of the last authorized medical treatment. *Id*. at 7. Because her request for additional disability benefits was over a year from July 6, 2009, the Commission denied the claim. Flores's argument on appeal was that her disability claim could not be barred by

the statute of limitations as long as her medical-treatment claim remained open because there had not yet been a "last payment of compensation" within the meaning of the statute. We rejected the claim and affirmed the Commission's denial of disability benefits because Flores's request was more than a year past July 6, 2009. A claim for additional disability benefits was not precluded by the *Flores* holding if filed within one year of the last payment of medical benefits.

The supreme court's recent opinion in *Menser*, *supra*, also strongly suggests that a claim for additional benefits, whether medical or disability, is, as the statute specifically states, timely if filed "within one (1) year from the date of the last payment of compensation," whether that compensation was for medical or disability benefits. Ark. Code Ann. § 11-9-702(b)(1). In *Menser*, the court reversed the Commission's award of additional medical benefits, holding that the claim was barred by the statute of limitations. The last payment of medical benefits in *Menser* was March 26, 2014; the last payment of indemnity benefits was April 21, 2014. The court held that Menser had never effectively requested additional medical benefits as required by Ark. Code Ann. § 11-9-702(c), which is not an issue here. But the court also held that, to be timely under Ark. Code Ann. § 11-9-702(b)(1), Menser "was required to file a claim for additional benefits by April 21, 2015, which is 'one year from the date of the last payment of compensation[.]'" *Menser*, 2020 Ark. 140, at 9, 597 S.W.3d at 645 (quoting Ark. Code Ann. § 11-9-702(b)(1)). This clearly indicates that a claim for additional medical benefits is timely if filed within one year of the last payment of disability benefits, which is precisely what occurred in the case at bar.

6

Finally, we turn to our court's decision in *Kirk*, *supra*. In *Kirk*, we affirmed the Commission's denial of additional indemnity benefits where the claim was filed within one year of the last payment of medical benefits, holding that the statute of limitations had run on the claim. Kirk was injured on July 25, 2006, and received medical benefits until August 14, 2014. He also received indemnity benefits through 2008 and then again from 2013 until August 14, 2014. We affirmed the denial of additional indemnity benefits, reasoning as follows:

Appellant's first argument on appeal is that his claim for additional indemnity benefits is timely because Central States has provided continuous compensation. In support of this argument, he asserts that (1) his August 18, 2014 request for additional indemnity payments was within one year of his last payment of compensation, which was for his June 19, 2014 visit with Dr. Blankenship; and (2) the plain language of the statute—which refers to "any additional compensation"—does not require the last paid compensation to be the same kind sought for additional compensation, noting that courts have defined "last payment compensation" to include the date medical services were last provided.

Arkansas Code Annotated section 11-9-702 states in relevant part, that "[i]n cases where any compensation, including disability or medical, has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the commission within one (1) year from the date of the last payment of compensation, or two (2) years from the date of the injury, whichever is greater." All parties agree that appellant never filed a Form AR-C, which is the typical method to notice a claim. However, he did notice a claim by requesting a hearing on the "issue of permanent and total benefits" by letter from his counsel dated August 18, 2014. Accordingly, absent some action that tolled the statute of limitations, *appellant's claim for additional indemnity benefits would normally have had to be filed within one year of August 14, 2014 (the date of the last receipt of medical benefits) or two years from July 25, 2006 (the date of injury).* Under this timeline, it may have been possible that the statute of limitations had not run on appellant's request for additional indemnity benefits. However, the fact that Central States paid appellant indemnity benefits and then ceased for a period of time before resuming so bears on the outcome of this matter.

Appellant's indemnity payments ceased from October 15, 2008, to October 28, 2013. While it is clear that appellant's medical treatment continued through this gap in indemnity payments, the fact remains that appellant's indemnity payments stopped for a period of five years before being resumed and he failed to file any claim

7

for benefits during this time—formal or otherwise. This is similar to the appellant in *Flores*, who was injured on April 30, 2005, for which she received medical treatment and total temporary disability (TTD) benefits; filed a Form AR–C seeking additional treatment and TTD benefits on June 29, 2005; had a hearing and was awarded treatment and TTD benefits from June 17, 2005, through June 30, 2005; returned to work for the employer but eventually ceased working altogether; and did not request additional compensation until October 11, 2010.

Noting that the parties had stipulated that Flores's last medical treatment occurred on July 6, 2009, the ALJ issued an opinion granting Flores's claims for additional medical benefits, but stated that her claims for benefits attributable to permanent impairment and wage-loss disability were barred because they were first raised in her October 11, 2010 letter, a date which was not within two years of her injury or one year of her last payment of compensation. This court affirmed the ALJ and in doing so, made it clear that the statute of limitations can run on a claim for additional indemnity benefits and not have run on additional medical benefits.

In the case at bar, appellant never filed any request for additional indemnity benefits—whether through the typical Form AR–C form or another method—until August 18, 2014, and this request was made after there had been a five-year gap in receipt of indemnity benefits. That gap began and ended a little less than six years and three years, respectively, before the date of appellant's claim for indemnity benefits. The purpose of the statute of limitations in workers' compensation cases is to permit a claimant's injuries to be promptly investigated and treated. The burden of filing a claim for additional benefits within the statute of limitations is upon the claimant. While certain claims may toll the running of the statute of limitations, such claims cannot revive other forms of compensation once the statute has run. This court cannot find that the ALJ erred in finding that appellant's claim for indemnity payments was barred by his failure to raise his claim within the appropriate period of time after Central States ceased paying indemnity benefits nor can it find error in the ALJ's assertion that "gratuitous payment of indemnity benefits does not revive the state of limitations[.]"

*Kirk*, 2018 Ark. App. 78, at 5–9, 540 S.W.3d at 717–18 (emphasis added).

Tolling was not an issue in *Kirk* because the claimant filed a request for additional indemnity benefits on August 18, 2014, which was clearly within one year of the last payment of compensation—that is, medical benefits paid on August 14, 2014—as we recognized in the emphasized language quoted. The relevant statute of limitations provides that where "any compensation, including disability or medical, has been paid on account of

injury, a claim for additional compensation shall be barred unless filed with the commission within one (1) year from the date of the last payment of compensation or two (2) years from the date of the injury, whichever is greater." Ark. Code Ann. § 11-9-702(b)(1). We can find no exception in the statute that applies when one type of benefit ceases for a period of time. Indeed, the issue appears to be specifically contemplated by the language "any compensation." Our doctrine of strict construction requires that nothing be taken as intended that is not clearly expressed. *Hapney v. Rheem Mfg. Co.*, 341 Ark. 548, 26 S.W.3d 771 (2000). To the extent that *Kirk* held that one must file a claim for additional medical or disability benefits within one year of the last payment of the specific type of benefit being requested—rather than within one year from the last payment of compensation for any type of benefit—we overrule it.

Accordingly, because appellant filed his claim for additional medical-treatment compensation on February 25, 2019, which was within one year of the date of the last payment of compensation—here, disability benefits on January 17, 2019—his claim was filed before the statute of limitations had run. Therefore, we reverse the Commission's decision denying benefits and remand for further proceedings.

Reversed and remanded.

ABRAMSON, VIRDEN, WHITEAKER, and VAUGHT, JJ., agree.

HIXSON, J., dissents.

**KENNETH S. HIXSON, Judge, dissenting**. Here is the problem boiled down to the basics. There is a myriad of benefits awarded by the Workers' Compensation Act to injured workers. There are temporary total-disability indemnity benefits (TTD), permanent

9

partial-disability indemnity benefits (PPD), permanent total-disability indemnity benefits (PTD), medical benefits, rehabilitation benefits, travel benefits, and even wage-loss benefits.[1] I would presume that each of these benefits would qualify as "payment of compensation" under the statute of limitations codified at Ark. Code Ann. § 11-9-702 (Repl. 2012). The issues presented in this appeal pertain to a claimant's subsequent request for additional compensation. This statute provides in pertinent part: "(b)(1) In cases in which *any compensation*, including disability or medical, has been paid on account of injury, a claim for *additional compensation* shall be barred unless filed with the commission within one (1) year from the date of the last payment of compensation. . . ."[2] (Emphasis added.)

There are two additional-compensation scenarios presented in this appeal interpreting section 702. Assume the claimant filed a workers'-compensation claim and received medical benefits and indemnity benefits. Scenario 1: Further assume that the claimant does not receive any indemnity benefits for more than one year and subsequently files a claim for additional indemnity benefits. The question here is whether a claim for additional indemnity benefits is time-barred or whether the payment of other types of compensation (typically medical benefits) tolls the statute of limitations. Scenario 2: Further assume that the claimant does not receive any medical benefits for more than one year and subsequently files a claim for additional medical benefits. The question here is whether a

---

[1]This list is not meant to be exhaustive, but illustrative.

[2]For purposes of this dissenting opinion, I am not including the last section of Ark. Code Ann. § 11-9-702, which provides "or two (2) years from the date of the injury, whichever is greater."

claim for additional medical benefits is time-barred or whether the payment of other types of compensation (typically indemnity benefits) tolls the statute of limitations.

The statute provides that a claim for additional compensation must be made within one year of the last compensation paid. What does that mean? Neither the statute nor the Act defines "any compensation" or "compensation" in this context, leaving the statute ambiguous. Hence, administrative law judges, the Workers' Compensation Commission, and the appellate courts have often waded into this interpretative quagmire. So, if one were to apply the plain reading of the statute, one would dump all forms of compensation together into one big kettle and mix them up, and the result is that a claim for any type of additional compensation is timely if the claim for additional compensation is made within one year of any type of compensation paid. That is the basis of the majority opinion. It is a reasonable interpretation; however, it ignores the reality that in 2010, in *Stewart v. Arkansas Glass Container*, 2010 Ark. 198, 366 S.W.3d 358, the Arkansas Supreme Court kicked open the door to separate the *additional medical benefits* statute of limitations from the *additional indemnity benefits* statute of limitations. This court followed suit in 2012 in *Flores v. Walmart Distribution*, 2012 Ark. App. 201, and again in 2015 in *Nabholz Construction Corp. v. White*, 2015 Ark. App. 102, and again in 2018 in *Kirk v. Central States Manufacturing, Inc.*, 2018 Ark. App. 78, 540 S.W.3d 714. Now, the majority wants to turn back the clock to pre-2010 and start all over. I disagree and respectfully dissent. Let's begin.

There are two parallel, but meandering, paths to follow in interpreting the phrase "any compensation" under section 702 for purpose of applying the one-year statute of limitations. They are parallel in that each path interprets the statute of limitations and the

11

phrase "any compensation" under section 702. They meander, however, because many of the cases are fact and date intensive, and under our standard of review, we sometimes render opinions that appear to produce inconsistent results. One path is the claim for *additional indemnity benefits* (scenario 1). The other path is the claim for *additional medical benefits* (scenario 2). Two separate benefits; two separate paths. The genesis of whether there could be different statutes of limitation under section 702 for additional medical benefits vis-à-vis additional indemnity benefits is the seminal 2010 Arkansas Supreme Court case of *Stewart v. Arkansas Glass Container, supra*.[3] In *Stewart*, the claimant filed a claim for additional medical benefits, and a year or so later, the claimant filed another claim for additional medical benefits *and* additional indemnity benefits. In holding that the additional indemnity claims were time-barred, the supreme court noted:

> Stewart also attempts to distinguish *Barnes* on the grounds that, "in that case, the request for additional benefits was not the *same kind* of benefits initially denied," and here, he urges that he is seeking benefits different than those that were denied in the original proceedings. [Emphasis in original.] Both *Barnes* and *Eskola* noted, however, that a request for additional compensation that is not acted on *only tolls the statute of limitations with respect to that particular claim*. [Emphasis added.] Stewart's earlier requests for medical benefits thus *could not, under Barnes and Eskola, supra, toll the statute of limitations for all other claims for benefits that were not requested at that time*. [Emphasis added.] Accordingly, Stewart's December 2005 claim for additional benefits—which he alleged included temporary total disability, controversion, and attorneys' fees—was untimely.

*Stewart*, 2010 Ark. 198, at 11, 366 S.W.3d at 364. The clear import of *Stewart* is that a claim *for one kind of benefit* "could not . . . toll the statute of limitations for . . . benefits that were not requested at that time." Clearly, the Arkansas Supreme Court in *Stewart* set its course

---

[3]Actually, the *Stewart* opinion cites the earlier court of appeals cases *Eskola v. Little Rock School District*, 93 Ark. App. 250, 218 S.W.3d 372 (2005), and *Barnes v. Fort Smith Public Schools*, 95 Ark. App. 248, 235 S.W.3d 905 (2006), as authority.

on separating the statute of limitations for additional medical claims from additional indemnity claims.

Following the *Stewart* opinion, two years later, the court of appeals issued its opinion in 2012 in *Flores v. Walmart Distribution*, *supra*. In *Flores*, the claimant filed a claim for additional medical benefits and additional indemnity benefits. The claim for additional medical benefits was subsequently awarded by the administrative law judge, and neither party appealed. Therefore, the *Flores* opinion is not an additional-medical-benefits case. *Flores* is an additional-indemnity case. In *Flores*, the last indemnity benefits (TTD) were paid on June 30, 2005. The last medical benefit was paid on July 6, 2009. The claim for additional indemnity benefits was filed on October 11, 2010. The claim for additional indemnity benefits was denied by the Commission as time-barred.

On appeal, Flores argued that the Commission erred in finding that the request for *indemnity PPD payments* was time-barred by the statute of limitations. The *Flores* opinion states: "Essentially, Flores asserts that her permanent-disability claims cannot be barred by the statute of limitations as long as her medical-treatment claim remains open, because there has not yet been a 'last payment of compensation' within the meaning of section 11-9-702(b)(1). Flores recognizes the Commission's reliance on *Stewart v. Arkansas Glass Container* . . . but contends that this reliance is misplaced because the facts in that case are distinguishable." *Flores*, 2012 Ark. App. 201, at 4-5. The court of appeals disagreed, relying on *Stewart*, stating:

> Contrary to Flores's argument, the supreme court in *Stewart* . . . also held that [Stewart's] claim for [additional] medical benefits would have tolled the statute of limitations only with regard to that specific claim and not as to other claims for benefits not requested at that time.

*Flores*, 2012 Ark. App. 201, at 6–7.  Based on that holding in *Stewart*, the *Flores* court held:

> Here, as in *Stewart*, although Flores filed a timely request for additional medical treatment, she failed to request permanent-disability benefits until October 11, 2010, more than one year after the last payment of compensation by Walmart, which the parties stipulated was on July 6, 2009 [*which was the last payment of medical benefits but stipulated as the last date of compensation*].  It is the claimant's burden to prove that she acted within the time allowed for filing a claim for additional compensation. *Stewart, supra*.  Thus, under the plain language of section 11-9-702(c)(1), Flores's claims for additional benefits in the form of permanent-disability compensation were barred by the statute of limitations. We will not search for legislative intent where the plain meaning of the statute is clear.

*Flores*, 2012 Ark. App. 201, at 7.  While it is clear that in *Flores*, the claimant failed to file a claim for additional indemnity benefits within one year of the last date of medical payments or indemnity benefits, it is notable that the *Flores* court relied on the *Stewart* court to bifurcate the statute of limitations between additional medical benefits and additional indemnity benefits when it stated with approval from *Stewart*: "[T]he supreme court in *Stewart* . . . also held that [Stewart's] claim for [additional] medical benefits would have tolled the statute of limitations only with regard to that specific claim and not as to other claims for benefits not requested at that time." *Id*. at 6–7. This *Stewart* principle has been relied on in subsequent cases.

The court of appeals addressed this principle—of a different statute of limitations for a different type of claim for additional benefits—in 2015 where we cited with approval the *Stewart* principle and stated: "We held in *Flores* that a timely request for additional-medical benefits does not hold the statute open for an untimely request for permanent-disability benefits.  Because *Flores* did not address a potentially untimely additional-medical benefit

14

claim, it does not control the limitations issue presented here." *Nabholz Constr. Corp.*, 2015 Ark. App. 102, at 6–7.

The journey to separate and disconnect these two statute-of-limitations paths continued in 2018 in *Kirk v. Central States Manufacturing*, 2018 Ark. App. 78, 540 S.W.3d 714. To start with, *Kirk* is an *additional indemnity benefits* case; not an *additional medical benefits* case. In *Kirk*, the claimant received medical benefits, and there was never a one-year lapse in the medical treatment. The date of last payment for indemnity benefits was in October 2008. Medical benefits continued unabated. Then, in 2014, after a five-year hiatus, the claimant filed a claim for *additional indemnity benefits*. The Commission denied the claim for additional indemnity benefits, finding the claim was untimely under section 702. On appeal, the court of appeals affirmed the denial of benefits. Relying on *Stewart* and *Flores*, the *Kirk* court stated: "While certain claims may toll the running of the statute of limitations, such claims cannot revive other forms of compensation once the statute has run." *Kirk*, 2018 Ark. App. 78, at 8, 540 S.W.3d at 718. The clear holding in *Kirk* was that the payment of medical benefits did not toll the statute of limitations for additional indemnity benefits. The *Kirk* holding is directly in line and consistent with the *Stewart* principle that payment for one type of compensation (medical benefits) does not toll the statute of limitations for other types of additional compensation (indemnity benefits).

So, there are three cases—*Stewart*, *Flores*, and *Kirk*—interpretating the statute of limitations for additional compensation down *the indemnity benefits* path; but there is no precedent that directly interprets the second path, which is additional compensation in the form of medical benefits. That brings us to the case at bar. There can be no confusion and

15

no room to wiggle—this is an *additional medical benefits* case.

Here, the claimant Wynne received medical benefits and indemnity benefits. The last date for medical payments was December 5, 2017. PPD indemnity payments continued for well over a year, and the last date for indemnity PPD payments was January 17, 2019. Within six weeks of the last indemnity PPD payment, Wynne filed a claim for additional compensation in the form of medical benefits and indemnity benefits. However, the claim for additional indemnity benefits was not pursued, and the claim before the administrative law judge was limited to additional medical benefits. At the hearing, the attorney for the respondent could not have been any clearer. The attorney argued that the claimant must file his request for additional medical benefits within one year of the last medical-benefit payment. This direct assertion forced the administrative law judge to travel down the previous path untaken and interpret whether receiving indemnity benefits tolls the statute of limitations under section 702 for additional medical benefits. The administrative law judge and the Commission agreed with the respondent and found that the request for additional compensation in the form of medical benefits was time-barred. The rationale of the administrative law judge is unmistakable.[4] The administrative law judge began her

---

[4]The Commission adopted the opinion of the administrative law judge, as it is permitted to do under Arkansas law. *See Ark. Highway & Transp. Dep't v. Work*, 2018 Ark. App. 600, 565 S.W.3d 138. When the Commission adopts the ALJ's opinion, the ALJ's findings of fact and conclusions of law are made the Commission's findings of fact and conclusions of law, and this court considers both the ALJ's opinion and the Commission's opinion on appellate review. *Univ. of Ark. at Pine Bluff v. Hopkins*, 2018 Ark. App. 578, 561 S.W.3d 781.

16

analysis with the *Stewart* principle and continued with *Flores* and *Kirk*,[5] and concluded that the payment of indemnity payments did not toll the statute of limitations for additional compensation in the form of medical benefits. The opinion states in pertinent part:

> The respondents contend the Claimant's request for additional medical benefits was not made within two years of the date of injury or *one year of the last medical service date*. [Emphasis added.] . . . The respondents argue that *Stewart, Flores* and *Kirk* clearly hold that the statute of limitations on claims for additional benefits can run for one type of benefits even if the other benefits are paid without interruption. . . . The [*Flores* court] noted that the *Stewart* court, even prior to the *Flores* court, [held] that there is a distinction in the statute of limitations for additional medical benefits as opposed to additional indemnity benefits so that the statute of limitations may run on one type of benefit and not the other. Finally, the *Kirk* court observed that the legislature has yet to amend the statute to correct or overturn *Stewart* or *Flores*, if it saw fit.
>
> . . . .
>
> In the instant case, the Claimant has the burden of proving that he pursued a timely claim for additional medical benefits. The preponderance of the evidence reveals that the claim for additional medical benefits is not timely. Therefore, the claim for additional benefits must be denied and dismissed.

That brings us full circle. Each path has now been interpreted. The first path: whether receiving medical benefits tolls the statute of limitations for additional indemnity benefits was resolved in *Stewart, Flores,* and *Kirk.* And the conclusion was that the payment of medical benefits did not toll the statute of limitations for additional indemnity benefits. Now, our task is to determine the fate of the second path: whether the Commission erred

---

[5]The administrative law judge also mentioned *White County Judge v. Menser*, 2020 Ark. 140, 597 S.W.3d 640, in its opinion, and *Menser* is cited by the majority herein in support of its position. However, in my view, *Menser* is inapposite. In *Menser*, the supreme court based its decision on the fact that the claimant Menser did not check off the box "additional claim" on the claim Form AR–C, and therefore Menser's claim was not a claim for additional compensation, despite the fact Menser had previously received both medical and indemnity benefits.

17

in finding that the payment of indemnity benefits did not toll the statute of limitations for additional medical benefits. As on the first path, the analysis begins with *Stewart* and the now repeated principle: that under the section 702 statute of limitations for "additional compensation," a claim for one kind of benefit "could not toll the statute of limitations for benefits that were not requested at that time." The majority opinion herein opines that based on a plain reading of section 702, the payment of any compensation tolls the statute of limitations for any other type of additional compensation. The majority opinion further holds that this court was wrong in *Kirk v. Central States Manufacturing* and overruled the holding. I disagree. The analysis for the interpretation of the section 702 statute of limitations for medical benefits should parallel the interpretation for the statute of limitations for indemnity benefits followed in the trilogy of *Stewart*, *Flores*, and *Kirk*. This is precisely what the administrative law judge did below.

I agree with the majority that it is within the province of the judiciary to interpret statutes, and that the agency's interpretation will be only one of many tools used to provide guidance. *See Myers v. Yamato Kogyo Co., Ltd.*, 2020 Ark. 135, 597 S.W. 3d 613. However, that guidance here is particularly informative. The Commission has wrestled with the interpretation of the section 702 statute of limitations for decades. Our appellate courts have similarly wrestled with the issue. We have previously mapped out an itinerary down the first path on how to interpret the statute of limitations for additional compensation in the form of indemnity benefits, and we should stay the course and interpret the statute of limitations for medical benefits in a consistent manner. While the holding of the majority opinion may be a reasonable interpretation, it ignores the existing trilogy of cases

18

interpreting section 702. And, of note, neither the legislature nor the supreme court has stepped in to modify the holdings of those cases. I would affirm the decision of the Commission and hold that the payment of indemnity benefits does not toll the statute of limitations for additional medical benefits under section 702.

For these reasons, I respectfully dissent.

*M. Keith Wren*, for appellant.

*Worley, Wood & Parrish, P.A.*, by: *Jarrod S. Parrish*, for separate appellee Liberty Trailer.