Cite as 2021 Ark. App. 453

# ARKANSAS COURT OF APPEALS
DIVISION IV
**No.** CV–21–170

| | |
|---|---|
| RICHARD COSNER<br><br>APPELLANT<br><br>V.<br><br>C&J FORMS AND LABELS COMPANY; AND SAFECO PROPERTY CASUALTY INSURANCE<br><br>APPELLEES | **Opinion Delivered** November 17, 2021<br><br>APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION<br><br>[NO. F200619]<br><br><br>REVERSED AND REMANDED |

## ROBERT J. GLADWIN, Judge

Richard Cosner appeals the January 3, 2021 opinion of the Arkansas Worker's Compensation Commission (Commission) that affirmed and adopted the March 16, 2020 opinion of the administrative law judge (ALJ) that found that the statute of limitations had run with respect to Cosner's claim for additional permanent partial disability (PPD) benefits in relation to his knee and/or his shoulders pursuant to Arkansas Code Annotated section 11-9-702(b) (Repl. 2012). We reverse and remand.

### I. *Facts & Procedural History*

Cosner was injured in an admittedly compensable injury occurring on December 9, 2001. At the time of the injury, he was employed as a sales representative for the respondent employer, C&J Forms and Labels Co. (C&J). While leaving a customer's parking lot, Cosner ran into a concrete abutment, injuring, among other body parts, his right knee. On

September 9, 2002, within two years of the date of the original injury, Cosner filed a form AR-C with the Commission requesting benefits including PPD, medical expenses, and attorney fees for injuries to knees, back, and neck.

An initial hearing was held on April 10, 2003, which resulted in a July 2 opinion finding that Cosner had sustained compensable injuries, was entitled to temporary total disability (TTD) benefits from February 25 to April 9, 2003, and was entitled to temporary partial-disability benefits from April 9, 2003, to a date to be determined. The opinion did not include any adjudication regarding Cosner's entitlement to PPD benefits.

On January 18, 2006, a prehearing order was filed including the following issues to be litigated: (1) payment of $860.36 regarding Cosner's out-of-pocket expenses submitted on August 5, 2003; (2) payment of the difference between the $7,790 in TTD benefits requested on August 5 and the $2,752.85 in TTD benefits paid on August 25, 2003; and (3) attorney fees.

A hearing was conducted on April 13, and all issues from the prehearing order were resolved prior to the hearing. The issues litigated were the compensability of Cosner's ulnar nerve palsy; medical treatment for Cosner's ulnar nerve palsy; and whether the referral from Dr. Buie to Dr. William Woods was reasonable and necessary medical treatment.

On July 12, the ALJ issued an opinion finding that (1) C&J and Safeco Property and Casualty Insurance (Safeco) agreed to allow Cosner to return to Dr. Buie for medical treatment; (2) Cosner had failed to prove that his ulnar nerve palsy was a compensable consequence of his compensable right-knee injury; and (3) Cosner had proved that it was

2

reasonable and necessary for him to be referred to Dr. Woods in Dallas for a second opinion as to the course of treatment for his right knee.

Dr. C. Lowry Barnes, a Little Rock orthopedic surgeon, began treating Cosner for his knee in 2009, taking over his care on a referral by Dr. Buie. Dr. Buie has not treated Cosner since he referred Cosner to Dr. Barnes. Cosner underwent testing for his right knee, at which time some loosening was discovered, and as a result, Cosner had arthroplasty surgery performed by Dr. Barnes. In a report dated October 2, Dr. Barnes opined that Cosner had sustained a permanent anatomical impairment of 50 percent to his lower extremity due to his compensable right-knee injury. Cosner has continued to receive treatment from Dr. Barnes at least yearly since that time.

Since Cosner received his impairment rating in 2009, the only benefits he has received directly are for mileage to his medical visits. C&J and Safeco have paid for Cosner's treatment directly to the medical providers.

On January 12, 2011, a form AR–4 was filed; subsequently, respondents C&J and Safeco accepted that impairment rating and paid appropriate benefits. Payment of the ninety-two weeks of PPD benefits was completed in mid–2011, and on June 9, the PPD claim was closed. Although Cosner has continued to receive medical treatment, no additional impairment benefits have been paid since.

On October 17, 2011, Cosner's attorney sent a letter to the Commission requesting unspecified additional benefits, and receipt was acknowledged by the Commission's operations and compliance division on October 18. Similar letters were sent dated May 12, 2015, and June 18, 2015.

Cosner later developed problems with his shoulders from his use of crutches. On April 6, 2017, a hearing was conducted on this matter. An opinion was issued on June 30 wherein a finding was made that Cosner suffered compensable bilateral shoulder injuries as a consequence of his compensable right-knee injury and that he is entitled to reasonable and necessary medical treatment of his bilateral shoulder injury. Dr. Shahryar Ahmadi performed surgery on Cosner's right shoulder on December 14, but Cosner had not had surgery on his other shoulder due to both a protein deficiency that causes blood clotting and a family history of blood embolisms and deep vein thrombosis.

On April 10, 2018, Cosner requested additional benefits via a letter that was acknowledged as received by the Commission on the same day. On March 11, 2019, Cosner requested a hearing via letter.

On March 30, 2019, Dr. Ahmadi opined that Cosner had sustained 26 percent impairment to his body as a whole due to his shoulder impairment. Cosner was later evaluated by Dr. Keith Holder on October 8; he assessed Cosner's compensable bilateral shoulder injuries, finding that Cosner has an anatomical impairment of 28 percent to his right shoulder and 36 percent to his left shoulder. Cosner saw Dr. Holder solely to obtain this rating.

On October 30, following a failed total-knee arthroplasty, Cosner went back to Dr. Buie. Dr. Buie examined Cosner's right knee and determined that it had deteriorated and that his impairment was now at least 75 percent regarding his right knee. Dr. Buie increased Cosner's impairment rating for his knee by letter issued that day.

4

On December 5, the ALJ held a hearing, and the issues to be litigated were (1) the extent of permanent impairment to Cosner's right knee, (2) the extent of permanent impairment to Cosner's shoulders, (3) the statute-of-limitations defense, and (4) entitlement to attorney's fees.

As a result of that hearing, the ALJ filed an opinion on March 4, 2020, and an amended opinion on March 16, finding that C&J and Safeco had proved that the statute of limitations had run with respect to Cosner's claim for additional PPD benefits related to his right knee and/or shoulders. The ALJ noted that Cosner received an impairment rating in 2009 that was paid shortly thereafter and that Cosner had not requested or brought before the Commission any cause or issue related to indemnity benefits since that time. The ALJ further cited applicable law that the payment of medical benefits does not prohibit the statute of limitations from running on a claim for indemnity benefits. Cosner appealed that opinion to the Commission on April 2.

In the Commission's January 5, 2021 opinion, the Commission affirmed and adopted the opinion of the ALJ. Cosner filed timely notices of appeal on February 2 and February 5 arguing that the Commission incorrectly found that his claim for additional PPD benefits is barred by the statute of limitations.

## II. *Standard of Review and Applicable Law*

Generally, this court reviews only the decision of the Commission; however, when the Commission affirms and adopts the findings of the ALJ, as it did in this case, this court considers both the ALJ's decision and the Commission's decision. *See Jones v. Embassy Suites, Little Rock*, 2021 Ark. App. 312, at 7–8.

Also, in this appeal, we must apply a different standard of review than usual. In *Wynne v. Liberty Trailer*, 2021 Ark. App. 374, at 3, 636 S.W.3d 348, 350, a case this court handed down October 6, 2021, we stated:

> While we generally affirm workers'-compensation appeals if the decision is supported by substantial evidence, we review questions of law from the Commission de novo. This appeal concerns the construction and application of Arkansas Code Annotated section 11-9-702(b)(1) (Repl. 2012). The correct interpretation and application of an Arkansas statute is a question of law. [*White County Judge v. Menser*, 2020 Ark. 140, at 7, 597 S.W.3d 640, 644]. This court decides what a statute means. *Sykes v. Williams*, 373 Ark. 236, 283 S.W.3d 209 (2008). When we interpret the workers'-compensation statutes, we must strictly construe them. *Id.*, 283 S.W.3d 209; Ark. Code Ann. § 11-9-704(c)(3) (Repl. 2012). Strict construction is narrow construction and requires that nothing be taken as intended that is not clearly expressed. *Hapney v. Rheem Mfg. Co.*, 341 Ark. 548, 26 S.W.3d 771 (2000). The doctrine of strict construction requires this court to use the plain meaning of the language employed. *Id.*, 26 S.W.3d 771.

### III. *Discussion*

The issue before us is whether the statute of limitations set out in Ark. Code Ann. § 11-9-702(b) acts as a bar to the claim for additional PPD benefits asserted by Cosner. The applicable language of the statute reads: "A claim for additional compensation shall be barred unless filed with the commission within one year of the date of the last payment of compensation or two years from the date of the injury, whichever is greater."

To reiterate the relevant timing issues in this matter, Cosner was originally injured in 2001. C&J and Safeco accepted the injury as compensable and furnished him benefits for more than eighteen years. Among the medical treatments Cosner received were multiple knee surgeries on his right knee. In 2009, C&J and Safeco paid PPD benefits based on an anatomical impairment in the amount of 50 percent to the lower extremity.

In 2017, the ALJ found that Cosner also had sustained injuries to his shoulders as a compensable consequence of his 2001 injury. After that decision became final, C&J and Safeco began providing Cosner appropriate workers'-compensation benefits for his shoulders as well as continuing to provide him benefits for his right-knee condition. They continued to do so through the date of the hearing related to this appeal.

In March 2019, Cosner was assessed a permanent-impairment rating to his shoulder of 26 percent to the body as a whole. In October of that year, the impairment rating to Cosner's right knee was revised upward to 75 percent of the lower extremity.

Cosner maintains that his claim for additional PPD benefits in this case was timely. It was, after all, filed within one year of the last time Cosner had been furnished medical care. However, C&J and Safeco raised the statute of limitations as a defense to the claim, arguing not that the claim was filed more than one year after the last payment of compensation, but instead asserting it was not timely filed because it had not been paid within one year of the last time Cosner had been paid the same type of benefits being sought.

At the hearing, there was considerable discussion about the date the Commission was first notified that Cosner was requesting additional PPD benefits. C&J and Safeco offered to stipulate that the first notice presented to the Commission was on July 16, 2019, in a prehearing questionnaire. Eventually, it was determined that Cosner's attorney had requested benefits shortly before that date, and letters first requesting PPD benefits were made part of the evidentiary record. There is no dispute that notice was submitted at a time when Cosner was still receiving ongoing medical care and filed with the Commission within one year of the last time that C&J and Safeco had furnished medical care to Cosner.

Despite that undisputed fact, C&J and Safeco still contended that Cosner's claim is barred by the statute of limitations. The ALJ agreed with them and held that the statute was a bar to Cosner's receipt of additional PPD benefits, and the Commission affirmed and adopted that decision. Cosner argues that the decision of the Commission relied on Arkansas appellate court cases that are clearly distinguishable from the facts of this case and ignored other cases that are directly on point and would mandate the opposite result. He submits that the Commission relied on a decision from this court that misinterpreted earlier case law and requests that this court correct the erroneous decision of the Commission, reverse its decision, and remand this case for an award of benefits. We agree.

Just a few weeks ago, this court handed down an opinion that is directly on point for the disposition of this appeal. The October 6, 2021, decision in *Wynne*, 2021 Ark. App. 374, 636 S.W.3d 348, overturned *Kirk v. Central States Manufacturing, Inc.*, 2018 Ark. App. 78, 540 S.W.3d 714, and held that now "any" compensation means "any," with no type-for-type distinction for statute-of-limitations purposes. Because *Wynne* was so recently decided, neither party cited it, and neither party has filed a notice of additional authorities.

In *Wynne*, we noted that the time limitations for requesting additional workers'-compensation benefits are set forth in Arkansas Code Annotated section 11-9-702(b), which provides, in pertinent part,

(b) TIME FOR FILING ADDITIONAL COMPENSATION.

(1) In cases in which any compensation, including disability or medical, has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the commission within one (1) year from the date of the last payment of compensation or two (2) years from the date of the injury, whichever is greater.

8

*Wynne*, 2021 Ark. App. 374, at 3–4, 636 S.W.3d at 350–51. The *Wynne* court analyzed

*Kirk*, *supra*, in which we affirmed the Commission's denial of additional indemnity benefits

where the claim was filed within one year of the last payment of medical benefits, holding

that the statute of limitations had run on the claim. *Id*. at 7–9, 636 S.W.3d at 352–54. In

overruling *Kirk*, we held:

> Tolling was not an issue in *Kirk* because the claimant filed a request for additional indemnity benefits on August 18, 2014, which was clearly within one year of the last payment of compensation—that is, medical benefits paid on August 14, 2014—as we recognized in the emphasized language quoted. The relevant statute of limitations provides that where "any compensation, including disability or medical, has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the Commission within one (1) year from the date of the last payment of compensation or two (2) years from the date of the injury, whichever is greater." Ark. Code Ann. § 11-9-702(b)(1). We can find no exception in the statute that applies when one type of benefit ceases for a period of time. Indeed, the issue appears to be specifically contemplated by the language "any compensation." Our doctrine of strict construction requires that nothing be taken as intended that is not clearly expressed. To the extent that *Kirk* held that one must file a claim for additional medical or disability benefits within one year of the last payment of the specific type of benefit being requested—rather than within one year from the last payment of compensation for any type of benefit—we overrule it.

> Accordingly, because appellant filed his claim for additional medical-treatment compensation on February 25, 2019, which was within one year of the date of the last payment of compensation—here, disability benefits on January 17, 2019—his claim was filed before the statute of limitations had run. Therefore, we reverse the Commission's decision denying benefits and remand for further proceedings.

*Id*. at 9–10, 636 S.W.3d at 354.

Similarly, in the current matter, Cosner filed his claim for additional benefits within

one year of the last payment of compensation—in this case, in the form of medical-treatment

benefits. Following the analysis of *Wynne*, we reverse the Commission's order finding that

Cosner's request for additional PPD benefits is barred by the statute-of-limitations provision

9

set out in Ark. Code Ann. § 11-9-702(b) and remand the case for a determination of benefits.

Reversed and remanded.

VIRDEN and VAUGHT, JJ., agree.

*Walker Law Group, PLC*, by: *Eddie H. Walker, Jr.*, for appellant.

*Friday, Eldredge & Clark, LLP*, by: *Guy Alton Wade* and *Phillip M. Brick, Jr.*, for appellees.